GUSTAVE F. HEMMING *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In the absence of any statutory provision to that effect, the use of an unregistered and unnumbered automobile upon the public highways is not unlawful, nor does it preclude the owner from recovering damages of a city for injuries to himself and to the car which were caused by a defect in the highway due to the city's negligence.*

Argued October 29th, 1909—decided January 4th, 1910.

ACTION to recover damages for injuries to the person and automobile of the plaintiff, which were alleged to have been caused by a defective highway, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $450, and appeal by the defendant. *No error.*

*Edward H. Rogers,* and *Charles G. Gardner* of Springfield, Massachusetts, for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

RORABACK, J. On September 21st, 1907, Ley & Company, electrical contractors, were constructing a conduit on Chapel Street in New Haven, under a contract with the United Illuminating Company, for the purpose of laying its underground system of wiring in said highway, and for that purpose had caused an excavation to be made on Chapel Street. On September 21st an automobile owned

* The Act of 1909, Chap. 211, § 16, changes the law in this respect, and expressly provides that no recovery shall be had by the "owner, operator, or passenger of a motor vehicle" which is not registered as required by the Act, "for any injury to person or property received by reason of the operation of said motor vehicle in or upon the public highways of this State."

Hemming *v.* New Haven.

by the plaintiff, and driven by him personally, came through Temple Street in a southerly direction and ran into this excavation, causing the injuries described in the complaint. This automobile had been purchased by the plaintiff on July 27th, 1906, of one Holcombe. Prior thereto the plaintiff had owned another automobile, which was duly registered by the secretary of State, pursuant to the statute then in force. The plaintiff had not made application to the secretary of State for registration of the automobile last purchased, until September 21st, 1907, when he mailed his application, enclosing his check for registration fee, at the post-office in New Haven, to the secretary of State, by whom it was received on September 23d, 1907. On September 28th, 1907, a certificate of registration for the automobile driven by the plaintiff at the time of the accident was issued by the secretary of State, as provided for by law. The registration mark displayed by the plaintiff at the time of the accident bore the number which had been assigned to him as the owner of another automobile owned by him, and which had been disposed of prior to the accident.

The reasons of appeal relied upon are that the court erred in refusing to charge as requested, and in the charge as given.

The defendant requested the court to instruct the jury as follows: "The burden of proof is on the plaintiff to prove by a preponderance of the evidence that at the time of the accident he had the authority of the State of Connecticut to use his machine on the highways of the State, and if the plaintiff does not prove that he had such authority and license, he cannot recover, and your verdict should be for the defendant. If at the time of the accident the plaintiff did not have the authority of the State of Connecticut to use his automobile described in the complaint on the highways of the State, he cannot recover and your verdict should be for the defendant."

The court declined to give these rulings, but instructed

the jury that the plaintiff's failure to register would not of itself bar his right to recover, since the law does not provide that one who fails to register his automobile cannot make use of it upon the highway. "The failure of the plaintiff to register his automobile cannot be held to tend to prove contributory negligence on the part of the plaintiff, unless you find that such conduct was illegal, and that it directly contributed to the accident upon which this case is founded: that is, unless you find it to have been the cause, or one of the causes, of this accident; and no such claim, that is, that this did directly contribute to the accident, is made in this case as I understand the contention of counsel.

The statute relative to automobiles then in force (Public Acts of 1907, Chap. 221, pp. 821 to 828), provides, in § 2, for the registering of automobiles and the placing of numbers on machines so registered. The penalty to any person having failed to register or display his number was not more than $100, or imprisonment not more than thirty days, or both.

The plaintiff was violating the statute relating to the registration of automobiles, but that fact does not relieve the defendant. This statute imposed an obligation upon the plaintiff to register his automobile, and for its violation prescribed a penalty. The statute goes no further, and it cannot be held that the right to maintain an action for damages resulting from the omission of the defendant to perform a public duty is taken away because the person injured was at the time his injuries were sustained disobeying a statute law which in no way contributed to the accident. A traveler with an unregistered and unnumbered automobile is not made a trespasser upon the street, neither does it necessarily follow that the property which he owns is outside of legal protection when injured by the unlawful act of another. "There is some real and more apparent conflict of opinion in the many cases treating of the relation between an illegal act and a coincident injury. In

doing an unlawful act a person does not necessarily put himself outside the protection of the law. He is not barred of redress for an injury suffered by himself, nor liable for an injury suffered by another, merely because he is a lawbreaker. In actions to recover for injuries not intentionally inflicted but resulting from a breach of duty which another owes to the party injured—commonly classed as actions for negligence—the fact that the plaintiff or defendant at the time of the injury was a lawbreaker may possibly be relevant as an incidental circumstance, but is otherwise immaterial unless the act of violating the law is in itself a breach of duty to the party injured in respect to the injury suffered." *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498.

The registration of the plaintiff's machine was of no consequence to the defendant. His failure to register and display his number in no way contributed to cause the injury. The accident would have happened if the law in this respect had been fully observed. The plaintiff's unlawful act was not the act of using the street, but in making a lawful use of it without having his automobile registered and marked as required by law. The statute contains no prohibition against using an unlicensed and unnumbered automobile upon the highways and streets of the State.

The defendant placed much reliance upon the authority of *Dudley* v. *Northampton Street Ry. Co.*, 202 Mass. 443, 446, 89 N. E. 25. In that case the Supreme Court of Massachusetts was called upon to construe the effect of a statute which provided that no automobile should be operated upon any public highway unless it was registered, etc. Dudley, the plaintiff in that action, was a resident of Connecticut. He had fully complied with the laws of Connecticut, and had a right to operate his machine on the highways of Massachusetts for a period not exceeding fifteen days. After being in Massachusetts more than fifteen days, Dudley's automobile collided with the defendant's trolley-car.

The Massachusetts court held that Dudley was a trespasser against the rights of all persons lawfully controlling or using the public highways of Massachusetts.

The difference between the *Dudley* case and the one now under consideration is that in Massachusetts there was a statutory prohibition against using upon the highways of that State an automobile unregistered and unmarked. As already stated, no such provisions appeared in the Connecticut statutes which were in force when the plaintiff's automobile was injured.

There is no error.

In this opinion the other judges concurred.