EDWARD E. SHAW, APPELLEE, v. HENRY THIELBAHR, APPELLANT.

Submitted July 5, 1911—Decided November 13, 1911.

In an action for damages the failure of the plaintiff, whose automobile was struck by the defendant's wagon, to prove the possession of a license at the time of the collision is not a ground for a nonsuit.

---

On appeal from District Court.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the appellant, *Reuben M. Hart.*

For the appellee, *Mabie & Maidment.*

The opinion of the court was delivered by

GARRISON, J.   The appellee recovered a judgment in the District Court for damages resulting from his automobile being struck by the defendant's delivery wagon.  The case was tried before the court who, as shown by the judgment rendered, found that the driver of the defendant's wagon was guilty of negligence that caused the accident and that the plaintiff was free from contributory negligence.  The state of the case shows that there was testimony that supports each of these findings, and beyond this we do not look upon an appeal based upon matter of law only.

The point is made by the appellant that the plaintiff produced a state license for 1911, whereas the accident happened in 1910.  The uncontradicted proof, however, was that plaintiff had a license for 1910, which he had turned into the department at the time of trial.  Moreover, the fact that the plaintiff was licensed at the time of the accident was not an essential part of his case or even relevant to the issue as framed, since the possession of such a license has no tendency to avert collisions as do brakes, signal trumpets and lighted lamps at night.  The duty created by the police regulation to have a license and to display its number was not owing to the defendant or created for his benefit at least as far as the avoidance of accidents is concerned.  Hence, the effect of the non-observance of such duty comes within the reasoning of the well-considered case of *Fielders* v. *North Jersey Street Railway Co.*, 39 *Vroom* 343.  What is gained by the display of a license number is not the avoidance of collisions, but the more ready identification of the machine and its responsible owner.  To the argument that the absence of this means of identification had a tendency to make the plaintiff less careful, the answer is that such a consideration is too remote to be relevant in the legal meaning of that term which is derived not by the strict processes of logic but from the exigencies of trial by jury.  Such argument therefore comes within the reasoning of the case of *Sutton* v. *Bell*, 50 *Vroom* 507, where, upon like ground, it was held that the plaintiff's insurance against loss was irrelevant upon the question of his negligence.

In the present case, the point that plaintiff had not proved that he was licensed was raised only as a ground of nonsuit. It was clearly not error to refuse such motion upon this ground since, in as far as the matter not proved bore upon the plaintiff's negligence, he was under no obligation to meet it by his own proofs, and in as far as it rested upon a right to run down with impunity an unlicensed autoist, it was without foundation in law.

The judgment of the District Court of the third judicial district of Bergen county is affirmed.