ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error,* v. T. M. WEIR, *Defendant in Error.*

1.  While the operative of an unregistered motor vehicle upon the public highways of the State is made unlawful, the statute does not provide that a failure to comply with its provisions will deprive the owner of a motor vehicle of a right to recover damages for an injury to an unlicensed vehicle caused by the negligence of another, and it does not modify the statutory provisions relative to the liability of railroad companies for negligent injuries to others.

2.  If a person's unlawful act contributes proximately to his own injury he may not recover damages of another for negligent participation in that injury; but if an unlawful act of an injured party has no causal relation to his injury that proximately results from another's mere negligence, a recovery may be had under the principles of the common law, if the plaintiff is not guilty of contributory negligence.

3.  The principles of the common law require the operators of railroad trains and road vehicles to exercise such care, prudence and caution as the circumstances of a crossing reasonably demand of each of them.

4.  The drivers of vehicles on public highways are required by law to exercise due care, and to have the vehicles in control on approaching a railroad grade crossing, and to use reasonable ordinary care to discover approaching trains.

5.  Where the owner of an automobile valued at $1,600.00, is operating it at twenty miles an hour on a country road at a point where it crosses a railroad track of which crossing the owner knew, and notice of the approach of a train was not given by the bell or whistle of the engine, but the approach of the train could have been seen several hundred yards away, and the automobile was not stopped before it got upon the railroad track on the side of the road and was struck and destroyed by the engine, a judgment for $1,000.00 damages to the automobile will be reversed, since the damages were not apportioned by the jury in proportion to the amount of

default attributable to the plaintiff as required by the statute.

Writ of error to the Circuit Court for Hillsborough County.

The facts of the case are stated in the opinion of the court.

*Sparkman & Carter,* for Plaintiff in Error;

*Jas. F. Glen,* and *W. F. Himes,* for Defendant in Error.

WHITFIELD, C. J.—A judgment for $1,000 damages was obtained against the railroad company for the loss of an automobile valued at $1600, that was struck by the engine of a train alleged to have been negligently operated at a country road crossing, and the defendant took writ of error. There was a plea of not guilty and also two special pleas averring that the plaintiff had not complied with the provisions of Chapter 5437 Acts of 1905, that all persons owning or operating a motor vehicle shall register the same and pay a license therefor, that no person shall operate upon the public highways a motor vehicle required to be registered without complying with the statute, and making a violation of the statute a criminal offense. The court sustained demurrers to the two special pleas and assignments of error are predicated thereon and argued here upon the theory that the pleas were not subject to the demurrers because under the statute referred to an unregistered automobile is a trespasser upon the public roads of Florida, and if it is damaged by collision or otherwise the owner cannot recover damages therefor,

unless the injury is caused by wilful or gross negligence.

While the operation of an unregistered motor vehicle upon the public highways of the State is made unlawful, the statute does not provide that a failure to comply with its provisions will deprive the owner of a motor vehicle of a right to recover damages for an injury to an unlicensed vehicle caused by the negligence of another, and it does not modify the statutory provisions relative to the liability of railroad companies for negligent injuries to others. The license feature of the statute is a revenue measure and there is no provision for examining the operators of motor vehicles to test their efficiency.

In doing an unlawful act a person is not denied the rights and protection accorded by the law. If a person's unlawful act contributes proximately to his own injury he may not recover damages of another for a negligent participation in that injury; but if an unlawful act of an injured party has no causal relation to his injury that proximately results from another's mere negligence, a recovery may be had under the principles of the common law, if the p'aintiff is not guilty of contributory negligence. The statutes do not provide expressly or by implication that no recovery shall be had for a negligent injury to an unlicensed motor vehicle being operated on the public highways of the State, therefore the demurrers to the pleas were properly sustained. See Hemming v. City of New Haven, 82 Conn. 661, 74 Atl. Rep. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240.

The following statutes regulate the liability of a railroad company in cases of this kind:

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damages done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default atrributable to him." Secs. 3148, 3149, Gen. Stats. of 1906.

The statutes of this State do not prescribe the signals to be given by those who operate a railroad train as it approaches a road crossing, or the duty of drivers of automobiles or other vehicles upon the public roads at railroad crossings. But the principles of the common law require the operators of railroad trains and road vehicles to exercise such care, prudence and caution as the circumstances of a crossing reasonably demand of each of them. It does not appear that the circumstances of this case required the train to lessen its speed. but the duty to inattentive travelers on the road which crosses the track reasonably required some signals of the approach of the train such as the blowing of the whistle or the ringing of the bell or other effective means of giving due warning. The drivers of vehicles on public highways are required .by law to exercise due care and to have the vehicles ·in control .on approaching a

railroad grade crossing and to use reasonable ordinary care to discover approaching trains. A failure of either party in the exercise of due care under the circumstances as they may appear, is negligence, and the consequences of negligence are governed by applicable provisions and principles of law.

It appears that the owner of the automobile knew of the crossing and was operating the automobile at a speed of about twenty miles an hour upon a country road as it approached a railroad crossing at a point where the statutory signs were up and where the train could easily have been seen several hundred yards before it reached the crossing. The attention of the driver of the automobile was engaged in passing some teams on the road just before the railroad crossing was reached and he did not see the train till within perhaps thirty feet of the track, but he was going at a speed of twenty miles an hour, and in endeavoring to avoid a collision he turned his automobile from the road. Before it stopped the automobile was upon the railroad track some twenty feet to the side of the road when it was struck by the engine.

In rendering a verdict for the plaintiff, the jury must have found from the evidence that no signals were given by the defendant's employees of the approach of the train. But it was the duty of the driver of the automobile to have his car under control as it approached the railroad crossing and to make such observations for the approach of a train as the circumstances required. He knew of the railroad track independent of the posted signs at the crossing and could have seen the train coming if he had looked in that direction. His attention having been engaged in successfully passing

the teams in the road, he manifestly was going at an excessive speed for his safety and did not have his car under control in approaching the railroad crossing, and did not make such observations for a passing train as he reasonably should have done. Conceding the negligence of the defendant in not blowing the whistle or ringing the bell of the engine as a warning to inattentive persons traveling the road crossing the railroad track, the speed of the automobile under the circumstances, the failure of the plaintiff to have the automobile under full control in approaching the crossing of which he knew, and his failure to look for a train that he could easily have seen, are clearly established by the testimony. The defendant was entitled to the benefit of this testimony admitted without objection, though there was no plea of contributory negligence, and it is manifest that the damages were not diminished by the jury in proportion to the amount of default attributable to the plaintiff as required by the Statute. For this reason the judgment is reversed.

TAYLOR, SHACKLEFORD, AND COCKRELL, J. J., concur.