JOHN McCARTHY *vs.* INHABITANTS OF TOWN OF LEEDS.

Androscoggin.    Opinion July 13, 1916.

*Duties of towns and municipalities towards trespassers upon the highway. Effect of Statute prohibiting automobiles being driven on highways without proper license and registration.    Effect of Statute where persons are not prohibited, but penalized for using highways without proper license and registration.    Notice of defect in highways.*

1. The Legislature has the right to limit or control the use of the highways of the State whenever necessary to provide for and promote the safety, peace, health, and general welfare of the people.
2. Where plaintiff was injured by reason of a defective bridge in defendant town, while operating an automobile registered under the license of a dealer from whom he had recently purchased the machine, plaintiff not having been provided with necessary license and registration, under public laws of 1911, chapter 162,

*Held:*

His rights upon the highway were only the rights of a trespasser upon the lands of another and the defendant town owed him no duty to keep the highway safe and convenient for him to travel on.

Action on the case to recover damages for injuries to plaintiff and his property by reason of a defective condition of the roadway of a bridge of the defendant town. At close of plaintiff's testimony, upon defendant's motion, court directed a verdict for defendant, to which ruling plaintiff filed exceptions. Exceptions overruled.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Tascus Atwood, and H. W. Oakes,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, JJ.

HALEY, J.  This is an action on the case brought by the plaintiff to recover damages for injuries to himself and property, by reason of a defective bridge and rail in the defendant town.  After the plaintiff had introduced his evidence the court directed the jury to return a verdict for the defendant, and the case comes to this court on exceptions to the ruling of the presiding Justice in directing a verdict for the defendant as aforesaid.

The evidence in the case shows that the plaintiff, a resident of this State, his chauffeur and two small girls, were riding in an automobile owned by the plaintiff upon a public highway in the defendant town.  The automobile itself was registered under the dealer's license from whom the plaintiff had purchased it a few days prior to the accident.  While riding along in the town of Leeds, at about six miles an hour, just as they had entered upon the bridge, the automobile was deflected from its course, the plaintiff claims by reason of striking some plank which had been placed upon the bridge for the purpose of patching it, and the automobile was thrown on to the rail, which was rotten, defective and worthless as a rail, and the automobile and its occupants were plunged into Dead river, twelve feet below, and it is to recover for the injuries to the plaintiff's automobile and for the injuries sustained by himself by reason of being plunged into the river that this action was brought.  The ruling of the court in directing the verdict for the defendant is sought to be sustained because the automobile of the plaintiff, in which he was riding at the time, was being operated upon a public highway, and had not been registered as required by the laws of this State.

It is the claim of the plaintiff that, although at the time of the injury complained of, he was driving his automobile upon the highways of the State, without registration as provided by law, and thereby doing an illegal act, that act should not defeat his recovery, unless the illegal act charged had some causal connection with and was in some way a concurrent cause of the accident; that there must be some causal connection between the act of the plaintiff in driving his auto upon the highway and the injury resulting from

the negligence of the defendant to prevent his recovery for the damages sustained by reason of the defective highway.

The statutes of this State regulating the use of automobiles upon the highways are contained in chapter 162 of the laws of 1911, and the provisions for registration are found in section 8, and so much as is material in this case reads as follows:

"All motor vehicles shall be registered by the owner or person in control thereof in accordance with the provisions of this act. Application for such registration may be made by mail or otherwise to the secretary of State, upon blanks prepared under his authority. The application shall, in addition to such other particulars as may be required by said secretary, contain a statement of the name, place of residence and address of the applicant with a brief description of the motor vehicle, including the name of the maker, the number, if any, affixed by the maker, the character of the motor power and the amount of such power, stated in figures of horse power, and with such application shall deposit an annual registration fee of  .  .  ."

Section 11 provides:

"No motor vehicle of whatever kind shall be operated by a resident of this State of Maine, upon any highway, tramway, public street, avenue, driveway, park or parkway, unless registered as hereto provided."

Section 16 imposes a penalty for the violation of the seven preceeding sections.

Section 11 is a prohibition against their being operated upon any highway, tramway, public street, avenue, driveway, park or parkway, unless registered. It is firmly established that the legisltaure has the right to limit and control the use of the highways of the State, whenever necessary to provide for and promote the safety, peace, health, and general welfare of the people. *State* v. *Phillips,* 107 Maine, 249; *State* v. *Mayo,* 106 Maine, 62; *Commonwealth* v. *Kingsbury,* 199 Mass., 542; *Dudley* v. *Northampton Street Ry. Co.,* 202 Mass., 443.

There is apparently a conflict in the opinions of the courts of the states that have construed the laws relating to the use of motor vehicles upon the highways, but we think there is no real difference

where the statutes are similar to those of the State of Maine. In the case of *Hemming* v. *City of New Haven,* 82 Conn., 661, it was held that the plaintiff might recover for injuries sustained while operating his automobile upon the public highways, although it had not been registered as required by statute, the court ruling that "His failure to register and display his number in no way contributed to cause the injury. The accident would have happened if the law in this respect had been fully observed. The plaintiff's unlawful act was not the act of using the street, but in making a lawful use of it without having his automobile registered and marked, as required by law. The statute contains no prohibition against using an unlicensed and unnumbered automobile upon the highways, and streets of the state." The court then refers to the case of *Dudley* v. *Northampton Street Ry. Co.,* supra, and says: "In that case the supreme court of Massachusetts was called upon to construe the effect of a statute which provided that no automobile should be operated upon any public highway unless it was registered, and the court held that Dudley was a trespasser against the rights of all persons lawfully controlling and using the public highways of Massachusetts. The difference between the Dudley case and the one now under consideration is that in Massachusetts there was a statutory prohibition against using upon the highways of the state an automobile unregistered and unmarked. As already stated, no such provisions appear in the Connecticut statutes, which were in force when the plaintiff's automobile was injured." That case recognized the fact that, if there had been a prohibition against the use of the highway, the doctrine of *Dudley* v. *Northampton Street Ry. Co.,* would have applied, and the plaintiff would have been barred from maintaining his action. The law of Connecticut was changed after the happening of the above accident, and the statute expressly provided that no recovery should be had by the owner, operator or passenger of a motor vehicle which is not registered as required by the act, for an injury to person or property received by reason of the operation of said motor vehicle in or upon the public highways of the state.

In *Lockridge* v. *Minneapolis & St. Louis Railway Co.,* 161 Ia. 74, the court said, "it is urged by defendant that the plaintiff was a

trespasser upon the streets of Des Moines, and upon the crossing in question, for that he was traveling in an unregistered automobile; and the defendant owed him no duty, as such trespasser except to refrain from wantonly injuring him when he seemed to be in peril. . . . This court is committed to the doctrine that there must be some causal connection between the act involved in the violation of the statute and the injury resulting, before the violation of the statute will preclude a recovery," and it was held that the plaintiff was not barred by reason of his machine not being registered. The case does not show that the use of automobiles upon the highways was prohibited by statute, but it does refer, with approval, to the case of *Tackett* v. *Taylor County,* 123 Ia. 149, which was an action brought to recover damages against the county for the injuries sustained by the engine of the plaintiff breaking through a bridge which the county was bound by law to keep in repair, and as the engine, while moving along the highway, did not comply with some provisions of the statute in regard to the whistle and stops and the placing of plank of certain dimensions under the wheels, etc., it was claimed that as the plaintiff was violating that statute, he could not recover for the injury. The court held that it was no bar that he was violating the statute, and that it was not a contributing cause to the accident; but it uses this language: "Were the statute to be construed to prohibit a traveler by engines on the highway, or any portion of it, there would be much force in the contention of the appellee that the plaintiff was a trespasser at the time of the accident, and being at a place where he had no right to be, he ought not to be heard to complaint of the consequences." From which it would seem that, if there had been a prohibition against the use of the highway in the state of Iowa by automobiles, as there is in this state, the plaintiff in that case would have been a trespasser and not entitled to recover. In *Atlantic Coast Line Railroad Company* v. *Weir,* 63 Fla. 69, it was held that the owner of an unregistered motor vehicle upon the public highways of the state might recover for an injury sustained by him by reason of the negligence of another. In the statement of the case it would seem that there was a provision that no person should operate an unregistered motor vehicle, upon

the highway, but the opinion states: "The statutes do not provide expressly or by implication that no recovery shall be had for a negligent injury to an unlicensed motor vehicle being operated on the public highways of the state, therefore the demurrers to the plea were properly sustained," and cites the case of *Hemming* v. *City of New Haven,* 82 Conn., 661, as its authority. The action of *Dudley* v. *Northampton Street Ry. Co.* was an action by the owner of an unregistered automobile to recover damages for injury to his machine while being operated upon the highway, and the court said, page 446: "If we had before us simply the case of a plaintiff who was driving his vehicle on a public way in a manner forbidden by law, or without appliances required by law, but who, while himself using all due care, had been injured by an accident due solely to the negligence of a third person, his own violation of law not being a contributory cause of the accident, but merely one of the conditions existing at the time, it could not be said that such a plaintiff was barred from recovery by the mere' fact of his violation of law. But that is not the case which is now presented. We are dealing with a peculiar kind of vehicle which has only recently come into use, which requires unusual care in its management, and the presence of which upon the highways has been found to involve more than ordinary risks to other travelers. . . . It is the duty of the Legislature, in the exercise of the police power, to consider the risks that arise from the use of new inventions applying the forces of nature in previously unknown ways. The general principle is too familiar to need discussion. It has been applied to automobiles in different states with the approval of the court."

The opinion then shows that section 1 requires that all "automobiles . . . shall be registered," and provides, with much detail, for the registration by the highway commissioners both of the machine with identifying numbers or marks, and the names of the owners. It refers to the various sections of the act, to the fact that the penalty is imposed upon the owners of an unregistered automobile who operates it upon the highway, and says: "Thus far the provisions of the act in question substantially resembles those of the Lord's Day act formerly in force, which made traveling on that day illegal simply by imposing a penalty upon any

one who did so." But section 3 of the act before us (automobile act) goes yet further, and expressly ordains that "except as otherwise provided herein, no automobile or motor cycle shall . . . be operated upon the public highway . . . unless registered, as above provided. This provision, in addition to the penalties fixed for any operation of unregistered machines, forbid their being operated upon the highway at all. We can not avoid the conclusion that it was intended to safeguard persons, who were lawfully using the highway, from serious risks of injury by machines of this character which were operated in defiance of law, the owners of which furnished no means by which they could be identified and compelled to make proper compensation for the injuries which by their own violation of law or by their mere negligence they might cause to other travelers." And it was held that the owner of an unregistered automobile being operated upon the public highway had no other rights than that of being exempt from reckless, wanton or wilful injury. They were to be no more travelers than is a runaway horse. The court then speaks of the provisions of the act which fixes a penalty for the violation and the operation of an unregistered automobile, and says: "But the purposes of the statute to furnish protection and adequate means of redress to all persons upon the way, would not then have been fully accomplished. The additional prohibition was made, we must suppose, for the purpose of regulating the rights of travelers among themselves, whether they should be walking, traveling in vehicles drawn by horses or operating automobiles. It is a reasonable assumption that the legislature intended to put these forbidden and dangerous machines outside the pale of travelers, not merely for the purpose of the criminal law, but as regards all other persons rightfully upon the street. The addition of the prohibition was well adapted for this purpose; if it is not so construed, it was merely a useless reiteration of the legal effects of the other provision of the same act." The same ruling was made in *Friley* v. *Melrose,* 205 Mass., 329; *Holland* v. *Boston,* 213 Mass., 562; *Chase* v. *Railroad,* 208 Mass., 137; *Bourne* v. *Whitman,* 209 Mass., 155.

An examination of the decided cases we think clearly shows that when the statute provides for the registration of automobiles and fixes a penalty for their operation upon the highways and streets

of the state, unless registered, that their operation upon the highways and streets, while unlawful, does not of itself bar the owner from recovering damages for injuries sustained by reason of defective highways, because the violation of law does not contribute to the injury; but if, in addition to the penalty provided by law, the statute prohibits the use upon the highway of an unregistered auto, the operation of the auto upon the prohibited streets and highways is such an unlawful act that, by reason of the prohibition, its operation is a trespass, and cities or towns are not obliged to keep their ways safe for trespassers to travel upon in violation of law. The language of section 11 of the act of 1911 clearly and plainly prohibits their use upon the highways of the State unless registered, as required by the act, and unless so construed the purpose of the Legislature to protect persons lawfully using the highway will fail; and the plain and unambiguous language of section 11 would be disregarded, which is a violation of all rules of law for the construction of statutes. And we hold that the plaintiff was prohibited by statute from using the auto on the highway, it not being registered as required by section 8, chapter 162 of the laws of 1911, and the town owed him no duty to keep the way safe and convenient for him to travel upon. His rights were only the rights of a trespasser upon the land of another.

*Exceptions overruled.*