JOHN H. McCARTHY, JR., Admr.

*vs.*

THE INHABITANTS OF THE TOWN OF LEEDS.

JOHN H. McCARTHY, JR., Admr.

*vs.*

THE INHABITANTS OF THE TOWN OF LEEDS.

Androscoggin.    Opinion July 16, 1917.

*Liability of towns under R. S., 1916, Chap. 24, Sec. 92.    Non-registration of Automobiles.    Liability of towns as to trespassers on account of defects in ways.    Meaning of word "traveler."    Rule as to question of negligence entering into liability of towns on account of defective ways.*

Two actions against a municipality to recover damages for the loss of life of two minor children, alleged to have been caused by the failure of the defendant to keep a certain bridge in proper and reasonable repair.    The children were passengers in an automobile which was not registered in the name of the owner, and were riding with the owner.

*Held:*

1.  Independent of statute there is no liability on the part of municipalities for injuries caused by defective highways.

2.  The remedy being purely statutory the rights of the traveling public and the liability of the municipality are limited by the scope of the statute.

3.  The statute (R. S., 1903, Chap. 23, Sec. 56), requires that highways shall be kept in repair so as to be safe and convenient for travelers.

4.  In order to be within the protection of the statute one must be a lawful traveler, and one who is traveling in defiance of a statutory prohibition is not a lawful traveler.

5.  Public Laws 1911, Chap. 162, Sec. 11, provides that "No motor vehicle of any kind shall be operated by a resident of this State, upon any highway . . . unless registered as provided in this chapter" etc. The Legislature had the power and the right to enact this prohibitive legislation and to proscribe the use of an automobile not properly-registered.

6.  It is not a question of causal connection between the violation of the statute and the happening of the accident. The true theory is that the unregistered car was forbidden to pass along the highway and over the bridge. The municipality was not obliged to furnish any railing for its protection.

7.  The non-liability of the municipality applies as well to passengers as to the owner. The question of contributory negligence is not involved. All the occupants of the car are under the same disability. The logic of the situation prevents any discrimination.

Actions brought under R. S., 1903, Chap. 23, Sec. 76, (R. S., 1916, Chap. 24, Sec. 92) to recover damages of defendant town on account of death of plaintiff's intestate through an alleged defect in a bridge of the defendant town. The cases were both reported to the Law Court upon certain agreed statements and stipulations, based in part upon the evidence in case of *McCarthy* v. *Inhabitants of the Town of Leeds*, reported in 115 Maine, 134. Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Tascus Atwood, and H. W. Oakes,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

MADIGAN, J., does not concur.

CORNISH, J.   These two actions were brought against the defendant town under R. S., (1903) Chap. 23, Sec. 76, to recover damages

for the loss of life of two children aged seven and nine respectively, alleged to have been caused by the failure of the defendant to keep a certain bridge over Dead River in said town in proper and reasonable repair.

On the day of the accident, July 22, 1913, one John H. McCarthy was riding in his automobile and was sitting on the front seat beside the chauffeur. On the rear seat were the two little girls, his grand-nieces. When the automobile reached the bridge, one of the forward wheels, according to the declaration in the writs, struck a raised plank, thereby deflecting the machine from its course and turning it against the railing which proved to be weak and unable to withstand the impact. The automobile with its occupants was precipitated into the river. Mr. McCarthy was rescued but the children were drowned. The automobile was not registered in the name of the owner, and this fact is the pivotal point in the case.

Suit was brought by Mr. McCarthy in his own behalf against the town to recover damages for injuries to himself and his property, and judgment was rendered for the defendant on the ground that as the automobile was not registered in the owner's name he was prohibited from using it on the highway and the town owed him no duty to keep the way safe and convenient for him to travel upon. *McCarthy* v. *Leeds*, 115 Maine, 134.

The two suits at bar were subsequently brought by John H. McCarthy, Jr., as administrator of the estates of the two children, the plaintiff claiming that these two passengers have a right of action against the town even if the owner did not. In our opinion they, as well as the owner, are barred from recovery.

It must be distinctly borne in mind that this is not a common law action of negligence against an individual or a corporation, but a statutory remedy against a municipality, and the rights of the traveling public and the liability of the municipality are limited by the scope of the statute. Independent of statute there is no liability whatever on the part of municipalities for injuries caused by defective highways. The liability is a creature of the statute, *Haines* v. *Lewiston*, 84 Maine, 18; *Colby* v. *Pittsfield*, 113 Maine, 507, and it does not extend beyond the express provisions. *Peck* v. *Ellsworth*, 36 Maine, 393.

What then is the measure of that liability? It is this, "Highways, town ways and streets legally established, shall be opened and kept

in repair so as to be safe and convenient for travelers with horses, teams and carriages." R. S. (1903), Chap. 23, Sec. 56. The word "travelers" is the significant word for our consideration. As was said by this court in *McCarthy* v. *Portland*, 67 Maine, 167: "To enable the plaintiff to recover, he must have been a 'traveler'. That is not all. He must have been traveling for some purpose or other for which streets are required to be constructed and kept in repair. A person may be a traveler but not such within the contemplation of the statute which gives compensation for an injury occasioned by a defect in the highway. He may be within or without the protection of the statute and still be a traveler." It was accordingly held in that case that one who uses the highway for the express purpose of horse-racing is not a traveler to whom the municipality owes the statutory duty of keeping its street in repair. Children using a street as a playground cannot be regarded as travelers. *Stinson* v. *Gardiner*, 42 Maine, 248. See also *Richards* v. *Enfield*, 13 Gray, 344; *Higgins* v. *Boston*, 148 Mass., 484.

Further, in order to be within the protection of the statute, one must be a lawful traveler. One who is traveling in defiance of a statutory prohibition is unlawfully upon the highway. Take for instance traveling on Sunday, prior to the passage of Chapter 129 of the Public Laws of 1895. This court repeatedly decided that when a person received an injury through a defect in the highway while he was traveling on the Lord's Day, except in case of necessity or charity, he could not recover. *Bryant* v. *Biddeford*, 39 Maine, 193; *Hinckley* v. *Penobscot*, 42 Maine, 89; *Cratty* v. *Bangor*, 57 Maine, 423. The Maine rule as to non-recovery in such cases was also the rule in Massachusetts. *Bosworth* v. *Swansey*, 10 Met., 363; *Jones* v. *Andover*, 10 Allen, 18; *Connolly* v. *Boston*, 117 Mass., 64; *Davis* v. *Somerville*, 128 Mass., 594; and in Vermont, *Johnson* v. *Irasburgh*, 47 Vt., 28. In this Vermont case the ground on which the rule rests is clearly set forth. New Hampshire held the contrary *Sewell* v. *Webster*, 59 N. H., 586.

Precisely the same principle is involved in the case at bar where the intestates were traveling in an unregistered automobile. Such a vehicle is proscribed. Public Laws 1911, Chap. 162, Sec. 11, (R. S., 1916, Chap. 26, Sec. 28) reads: "No motor vehicle of any kind shall be operated by a resident of this State upon any highway, town way, public street, avenue, driveway, park or parkway unless registered as provided in this chapter" etc. The Legislature had the power and

the right to enact this prohibitive legislation for the protection of its citizens. The registration of a car and the display of its number-plate serve to identify the owner in case of injuries caused by negligent conduct in its operation. Here, as in the case of the violation of the Sunday law, it is not a question of causal connection between the violation of the statute and the happening of the accident. The same causes would be at work to produce an accident on Monday, or Tuesday, as on Sunday. So in the case at bar the mere non-registration can hardly be regarded as a contributing cause. The railing of the bridge had no more strength to withstand the impact of a registered than of an unregistered car. The decision does not rest upon the common law principle of causal connection. The true theory is that this unregistered car was expressly forbidden by statute to pass along the highway and over the bridge. The municipality was not obliged to furnish any railing whatever for its protection. This is the ground on which *McCarthy* v. *Leeds*, 115 Maine, 134, was decided, and it is the logical ground on which this class of cases against municipalities rests.

But the learned counsel for the plaintiff urges that even if Mr. McCarthy senior, the owner of the car, cannot recover, the ban does not prevail against the children who were merely passengers. He discusses the lack of contributory negligence on their part and what is true, that the doctrine of imputed negligence does not obtain in this State. But neither of these questions is involved here. The question of contributory negligence as related to the non-registration is beside the mark. It is not a question of age or intelligence or knowledge or intention on the part of the occupants. It is a question of fact. It is a matter purely of statutory prohibition. All the occupants are under the same disability. The very logic of the situation prevents any discrimination between them. The statute does not relieve the town from keeping its streets in repair merely for the owner of an unregistered auto and those who know the situation, and impose that duty upon it as to those passengers who have no such knowledge. Nor does the absence of the doctrine of imputed negligence aid the plaintiff. Our decision is not based on the doctrine of negligence, as we have already stated. It is based wholly upon the statutory "thou shalt not."

To illustrate: It is conceded that the right to use the highways of the State is not absolute and that the Legislature has the right to limit and control their use whenever, in the exercise of the police

power, it is necessary to promote the safety and general welfare of the people. It can prescribe what vehicle shall use the highways and what shall not. It can absolutely close certain streets to certain traffic. *Commonwealth* v. *Kingsbury*, 199 Mass., 542. In the exercise of this power certain streets in the town of Eden were closed to the use of automobiles by Chapter 420 of the Private and Special Laws of 1903. At the entrance to these streets, under the provisions of the act, sign-boards were to be erected bearing these words: "No automobiles allowed on this road." This act was held constitutional. *State* v. *Mayo*, 106 Maine, 62.

In 1909 the prohibition was extended territorially to all the ways and streets in the towns of Eden, Mount Desert, Tremont and Southwest Harbor on the island of Mount Desert. Private and Special Laws 1909, Chapter 133. This act was also held constitutional. *State* v. *Phillips*, 107 Maine, 249. Suppose an automobile, in defiance of those statutes, had been operated in the forbidden district, and one or more of the occupants had been injured through some defect in the highway. Could it with reason be claimed that any liability whatever rested upon the municipality within which the accident happened, or that it made any difference whether the injured party was the owner or the chauffeur or the passenger, and whether such passenger knew of the non-registration or not? Certainly not. Those towns were freed from all responsibility when the prohibition was placed upon this kind of traffic.

Now instead of prohibiting all automobiles from using certain streets and ways, the Legislature has seen fit to debar all unregistered automobiles owned by residents from using any of the streets and ways throughout the State. Figuratively speaking, signs are erected on every highway, after the pattern of the Eden act, bearing the inscription "No unregistered automobiles are allowed on this road." Whenever that sign is disregarded the occupants travel at their peril.

The non-liability to passengers as well as to owner has been settled in Massachusetts. In *Feeley* v. *Melrose*, 205 Mass., 329, three suits were brought against the defendant city, one by the owner and two by female passengers in an unregistered car. On this point the opinion holds, "If the automobile, in which the female plaintiffs were riding, was not registered according to the requirements of law, it was unlawfully upon the way; those who were using it were not travelers but trespassers; and it would follow that they could not maintain

this action. . . . Each one of the plaintiffs must fail of recovery in that event. It would not help the individual plaintiffs that they may not have known that the automobile was not duly registered; they did not know that it was, and it was at their own peril as to the city and as to third persons that they undertook to use a vehicle the use of which was prohibited by law." To the same effect is *Dean* v. *Boston Elevated Railway,* 217 Mass., 495.

Our conclusion therefore is that these actions cannot be maintained. If the present statute is too drastic the remedy should come by legislative amendment.

*Judgment for defendants in each case.*

MADIGAN, J. Dissenting.

That those innocent of an intentional wrong should be held trespassers on the highways established for the benefit of the public does not seem reasonable. A machine may be operated contrary to the provisions of the statute, but why must all passengers therein be classed as outlaws? Few violations of statutory prohibitions entail such drastic punishment. A sleigh without bells, a carriage without lights, a wagon with narrow tires, if forbidden, should be in the same class; but must we hold all in such vehicles trespassers and therefore without protection from defective highways or the negligence of other travelers? If certain appliances were required by law on trolley-cars would we hold all passengers in an offending trolley as trespassers?

Massachusetts, which is one of the few States holding as Maine does, applies a different rule to the unlicensed chauffeur than to the unregistered car. Can we say a machine in perfect condition unregistered, but driven by a licensed driver, is more dangerous than a registered car driven by a man whose license has been revoked for reckless driving? Under the rule adopted in the majority opinion at our peril we accept a ride with a friend, or enter a public bus. The women and children in the sight-seeing cars in the cities, and public cars running from town to town, may be without remedy in case of injury. License-plates are no indication of compliance with the law. They frequently are changed from car to car. Only by making sure that the maker's number agrees with that on the State license is there

reasonable assurance of safety.  If by change of ownership the license has lost its efficacy within an hour the car and its occupants are beyond the pale of the law.   The cruelty of our interpretation is brought home to us in the case of these innocent children.   If the accident instead of proving fatal had rendered them cripples for life, they would have been without redress for the criminal negligence of some town official.   We say the law says "Thou shalt not," and therefore travelers are trespassers though the failure to pay a State license has not the slightest connection with the accident.   Is it a necessary sequence, or is it thus because we say it is?   Why might not the penalty here, as in other instances of violation of law, stop with fine or imprisonment?   Conditions in our State and highways are no different than in States taking the contrary view and, as it seems to me, fairer and juster rule.