TAMPA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. EDWARD F. LIMPUS, *Defendant in Error.*

Opinion Filed April 19, 1922.

Petition for Rehearing Denied May 19, 1922.

In an action to recover damages to an automobile caused by collision with a street car, where the evidence clearly shows that negligence of the plaintiff's employee in operating the automobile contributed to the injury, and the judgment against the defendant is for full damages, a remittitur will be permitted as an alternative for a reversal.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed if remittitur is entered.

*Knight, Thompson & Turner,* for *Plaintiff in Error;*

*N. B. K. Pettingill* and *M. B. Macfarlane,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment awarding $416.06 as damages for the entire cost of repairs to an automobile injured by a collision with a street car.

The evidence clearly shows that the plaintiff's employee was negligent in backing the automobile out of a garage and across the street car track without taking appropriate care to avoid collision with a street car that might be approaching. This being so, though the defendant was negligent, the damages sustained should have been apportioned as required by the statute. Sec. 4965 Rev. Gen. Stats. 1920; Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641, 41 L. R. A. (N. S.) 307, Ann Cas. 1914A 126; Florida East Coast Ry. Co. v. Meacham, 77 Fla. 701, 82 South. Rep. 232.

If a remittitur is duly entered for $200.00, the judgment will stand affirmed for the remainder, viz: $216.06; otherwise the judgment will stand reversed for a new trial.

All concur.