THE LOUISVILLE & NASHVILLE RAILROAD COMPANY, A COR-
PORATION, *Plaintiff in Error,* v. W. W. HARRISON,
*Defendant in Error.*

Opinion Filed October 27, 1922.

Where it appears that the damages were not duly apportioned by
the jury according to the amount of default attributable to
the plaintiff, as required by the statute, a remittitur will be
ordered.

· A Writ of Error to the Circuit Court for Santa Rosa
County; A. G. Campbell, Judge.

Judgment affirmed if remittitur is entered.

*McGeachy & Lewis,* for Plaintiff in Error;

*W. W. Clark* and *Watson & Pasco,* for Defendant in
Error.

BROWNE, C. J.—Harrison obtained a judgment against
the Louisville and Nashville Railroad Company for $325.00
and interest, for damage to an automobile struck by a loco-
motive and train of the defendant corporation.

If there was negligence on the part of the railroad com-
pany in not maintaining and keeping in good condition the
road crossing where the accident occurred, the evidence
shows contributary negligence on the part of the plaintiff
below.

He testified that he knew that the crossing was in bad
condition; that his car had previously stalled at the same
point, and that a soda water truck had stalled there the
day before the accident.

The car was a second hand five passenger Ford. The plaintiff testified that he paid $200.00 for it, and had spent $180.00 for repairs a few days before the accident. He and other witnesses placed its value at the time of the injury at $350.00. An agent for Ford automobiles testified that the price of a new five passenger Ford car on February 21, 1918, was $345.00 F. O. B. factory. That the price of such cars was advanced $90.00 on the 22nd of February, 1918. The accident occurred June 5, 1917.

It does not appear that the damages were duly apportioned as required by the statute. A. C. L. R. R. Co. v. Weir, 63 Fla. 69.

It is therefore considered, ordered and adjudged that if within thirty days from the filing of the mandate in the court below, the plaintiff shall enter a remittitur of $125.00 and the interest thereon that is included in the judgment, the judgment will stand affirmed for the remainder; otherwise the judgment will be reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.