JAMES E. HANLEY *v.* TOWN OF POULTNEY.

Special Term at Rutland, November, 1926.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed January 19, 1927.

*Construction of Record on Requested Instruction—Application of Court's Ruling as to Inadmissibility of Certain Evidence —Automobiles—Effect of Automobile Not Being Registered on Right of Operator or Guest To Recover from Town for Injury Because of Insufficient Bridge.*

1.  In action of tort against town under G. L. 4615, for injuries received by guest in automobile by reason of defective bridge on public highway, in determining whether court erred in refusing to comply with defendant's request, that jury be instructed to return verdict for defendant if automobile in which plaintiff was riding "was not legally registered and not legally on the highway at the time of the accident," while that part of record relating to subject-matter of registration must be construed most strongly for plaintiff, it must also be given a reasonable construction.

2.  In such case, ruling of trial court, on plaintiff's objection to certain evidence relating to non-registration of automobile in which plaintiff was riding, on ground of incompetency, irrelevancy, and immateriality, "that is excluded, unless you can show non-registration of the car had something to do with the accident," *held* to apply only to last of series of questions relating to such subject-matter.

3.  One who operates unregistered motor vehicle on public highway cannot recover damages from town for injuries caused by

insufficiency of bridge on such highway, where law in force (G. L. 4669 and 4716) required such car to be registered, and prohibited its operation on public highway while unregistered.

4. Guest riding in unregistered motor vehicle, *held* not entitled to recover damages from town under G. L. 4615 for injuries caused by insufficiency of bridge on such highway, even though he knew nothing of operator's failure to comply with law (G. L. 4669) requiring its registration.

ACTION OF TORT under G. L. 4615, to recover for injuries received by guest in automobile by reason of defective bridge on public highway, Plea, general issue. Trial by jury at the March Term, 1926, Rutland County, *Graham*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed, and judgment for the defendant.*

*Lawrence, Stafford & Bloomer* for the defendant.

*Jones & Jones* for the plaintiff.

POWERS, J.   The plaintiff was riding as a guest in a Hudson automobile owned and operated by Joseph Harney, of Fair Haven. As they were passing over a highway bridge in the defendant town it collapsed, precipitating the car and its occupants into the stream below. The plaintiff brought this suit for damages for personal injuries then sustained, and obtained a verdict and judgment at the last March Term of Rutland county court. The defendant brings the case here on an exception to the court's refusal to comply with its seasonable request for the following instruction: "If you find that the Hudson automobile was not legally registered and not legally on the highway at the time of the accident, your verdict should be for the defendant." The only basis for such an instruction is found in the cross-examination of Harney regarding this car as follows:

"Q.   How long had you had it?

A.   Had it about six months. Oh, about three months, I guess, three or four months.

Q.   Was it registered in your name?

A.   No, it wasn't.

Q.  You were operating a car (that) was not registered in your own name, were you?

A.  Yes.''

At this point counsel for the plaintiff objected on the ground of incompetency, irrelevancy, and immateriality, and the court ruled ''That is excluded, unless you can show non-registration of the car had something to do with accident.''  To this ruling no exception was saved.

It is plain that the defendant's situation here depends largely, if not entirely, on the proper construction of this ruling. If it is to be considered as equivalent to an order to strike out all the testimony quoted, there is left no basis for the charge asked for.  If, on the other hand, it is to be construed as a ruling that no further testimony on the subject of registration was to be received, or that the last question and answer was to be stricken out, there would be enough in the record to require a consideration of the defendant's request.

[1, 2]  While it is our duty to construe this part of the record most strongly for the plaintiff, we must give it a reasonable construction, and in view of the fact that the plaintiff did not ask the court to order the testimony stricken out, and in view of the fact that the court made no such order, we think the most that the plaintiff can rightfully claim is that we are to disregard the last question and answer—to which alone objection was made.  Thus construed, the testimony is sufficient to sustain the defendant's point, if well made.

The question presented was expressly excepted from the decision in *Gilman* v. *Central Vermont Ry. Co.*, 93 Vt. 340, 347, 107 Atl. 122, 16 A. L. R. 1102, which involved the standing of an unregistered car as against one charged with having negligently injured it.  And, the plaintiff being a guest and not the owner or operator, it resolves itself here into two parts:  First. How was Harney affected by the fact that his car was not registered?  Second.  If he is or would be precluded from a recovery, how about the plaintiff who knew nothing about the fact that the car was unregistered?

It must be kept in mind that the action here resorted to is brought under a statute.  Any remedy that the plaintiff has against the defendant is purely statutory.  At common law no such remedy was available.  Then, too, it must be remembered that the action is not, strictly speaking, predicated upon negli-

gence, but upon the failure to comply with a statutory requirement.    *Graves* v. *Waitsfield,* 81 Vt. 84, 95, '69 Atl. 137.

This accident occurred August 12, 1925; by the law then in force (G. L. 4669), Harney was required to license this car, and (G. L. 4716), its operation on the public highway was prohibited until it was registered.

As shown in the Gilman Case, this Court held in *Johnson* v. *Irasburgh,* 47 Vt. 28, 37, 19 A. R. 111, and again in *Holcomb* v. *Danby,* 51 Vt. 428, 435, that one traveling the highway on Sunday in violation of the statute on that subject could not recover damages for injuries sustained through the insufficiency of the highway. The first of these cases was apparently well considered. It follows the decisions in Maine and Massachusetts, and the Court considers and declines to follow cases from other states holding otherwise; and the Court expressly rejects the theory that it is a question of causal relation of the illegal act to the injuries received, and puts its decision squarely on the ground the town was under no obligation to furnish a safe highway for one who was forbidden to use it. "The duty and liabilities of towns in regard to their highways," says Judge Ross, "are due only to travelers, to that class who have the right to pass and repass thereon, and continue only so long as they are in the exercise of that right." And in the Holcomb Case Chief Judge Pierpoint says that: "It has been repeatedly held in this state, that if a party sustain an injury by reason of an insufficiency in the highway while such party is traveling in violation of the statute, he cannot recover of the town for such injuries."

[3]    The rule of law announced in the Johnson Case has been the law of this State for more than fifty years. That it was satisfactory to the people is evidenced by the fact that the Legislature made no change in the statute until 1894, about twenty years after it was announced, when the provision against Sunday travel was repealed. Unless we are to change the law, the logic of these cases requires us to hold that one who operates on the public highway, an unregistered motor vehicle, is not in a position to collect of the town damages for the insufficiency of such highway. . We see no good reason for departing from the established rule, and we hold that one cannot be heard to complain of the want of repair of a highway that he was by statute prohibited from using.

[4]    But this plaintiff knew nothing of Harney's failure to comply with the law, is he to be denied a recovery? The logic

of the Johnson Case compels us to hold that he is. It must be remembered that it is the vehicle that is forbidden the use of the highway; the defendant town was under no obligation to furnish a safe road for it; all who occupied it, however ignorant and however innocent, are in the same position that the car was. They were not "travelers" within the meaning of the statute, and were on the highway at their own risk.

Both the questions herein discussed were up for decision in *Feeley* v. *Melrose*, 205 Mass. 329, 91 N. E. 306, 27 L. R. A. (N. S.) 1156, 137 A. S. R. 445, and *McCarthy* v. *Leeds*, 116 Me. 275, 101 Atl. 448, L. R. A. 1918D, 671, and were decided as herein. The latter case is reasoned much as the Johnson Case was, and approves it.

*Judgment reversed, and judgment for the defendant.*