No. 11,710.

CITY OF LA JUNTA v. DUDLEY.

Decided September 26, 1927.

Action against a city for personal injuries. Judgment for plaintiff.

*Reversed.*

1. MUNICIPAL CORPORATIONS—*Automobiles—Registration.* Under C. L. sec. 1337, one riding in an automobile which had not been registered, is a trespasser on the streets, and a city owes such a person no duty to keep the streets in a reasonably safe condition.

*Error to the District Court of Otero County, Hon. James A. Park, Judge.*

Mr. CLYDE T. DAVIS, Mr. FRED W. CUCKOW, for plaintiff in error.

Mr. E. W. McDANIEL, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

Mrs. Dudley had a verdict and judgment against the city of La Junta for personal injuries caused by the city's negligence, and it brings error.

The negligence charged was insufficient rails of a bridge and insufficient guard rails of the approaches thereto, and narrowness of the bridge, so that the car in question, which belonged to her husband and was driven by her minor son, struck the guard rail and broke it and fell over the edge, whereby she was injured.

There are several questions, but one point is conclusive we think in the city's favor: The answer stated that the machine in question was unlicensed. This was stricken out on motion of plaintiff. The statute, C. L. § 1337, forbids the use of such machine on the street: "No motor vehicle or trailer shall be operated or propelled upon any public highway in this state until such motor vehicle or trailer shall have been registered, as provided in this act   *   *   *."

Under the stricken allegation the plaintiff was therefore a trespasser, and the city owed her no duty to keep the street reasonably safe for her. It is not reasonable to say that the law requires the city to keep the streets safe for the use of one whom the law forbids to be there, or that one who has no right to be in the street has a right to have it kept safe for him. It was therefore error to strike out this defense.

The cases on this point are conflicting. Massachusetts has held consistently from the beginning that the use of the public way for an unlicensed machine was for-

bidden, such user was an outlaw and could recover no damage for a negligent injury during such use even though it was caused by a private individual, and even though he did not know the machine was unlicensed. *Dudley v. Northampton St. Ry. Co.,* 202 Mass. 443, 446, 89 N. E. 25, 23 L. R. A. (N. S.) 561; *Love v. Worcester Con. St. Ry. Co.,* 213 Mass. 137, 99 N. E. 960; *Chase v. N. Y. Central,* 208 Mass. 137, 94 N. E. 377, 385; *Holland v. Boston,* 213 Mass. 560, 100 N. E. 1009; *Bourne v. Whitman,* 209 Mass. 155, 172, 95 N. E. 404. There are other Massachusetts cases. Maine follows Massachusetts on this point, at least in actions against a city. *McCarthy v. Leeds,* 115 Me. 134, 98 Atl. 72. Connecticut, upon a statute which required a license but did not forbid the use of the highway by an unlicensed car, held the right of recovery was not barred, because such use was not forbidden. *Hemming v. New Haven,* 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240. In view of this case, the state of Connecticut afterwards changed its statute so as to forbid recovery of damages for injury by one without a license. See also on this point *Tackett v. Taylor County,* 123 Iowa, 149. This case as well as the Maine case above cited discusses the distinction between the statutes forbidding the use of the highway and those merely requiring registration. Vermont copied the Massachusetts statute before the decisions above mentioned, and in *Gilman v. Central Vermont Ry. Co.,* 93 Vt. 340, 107 Atl. 122, while saying that a different question would be presented, intimated that they would decide, in view of their old decisions, for the defendant, if the defendant was charged with the duty of maintaining the streets, but held that in an action against a railway company for injury to a man driving a car on the highway, the plaintiff might recover notwithstanding the want of a license. This case is in substance in favor of the plaintiff in error here. See also, *Hanley v. Town of Poultney,* 100 Vt. 172, 135 Atl. 713.

On the other hand we have a majority of the states and courts holding that in an action against private parties such a defense is unavailing, maintaining, however, their position by arguments which though sound in a case between private persons seem to us unsound in a case against the city or municipality charged with the duty of maintaining streets.

Such cases are the following: *Mumme v. Sutherland* (Tex. Civ. App.) 198 S. W. 395, 396; *Cent. Ind. Ry. Co. v. Wishard,* 186 Ind. 262, 114 N. E. 970, 973; *Márquis v. Messier,* 39 R. I. 563, 99 Atl. 527, 528; *So. Ry. Co. v. Vaughan,* 118 Va. 692, 88 S. E. 305, L. R. A. 1916E, 1222–1224, Ann. Cas. 1918D, 842; *Shimoda v. Bundy,* 24 Cal. App. 675, 142 Pac. 109–112; *Atlantic C. L. R. Co. v. Weir,* 63 Fla. 74, 58 So. 641, 41 L. R. A. (N. S.) 307–309, Ann. Cas. 1914A, 126; *Switzer v. Sherwood,* 80 Wash. 19, 141 Pac. 181–183, Ann. Cas. 1917 A, 216; *Lindsay v. Cecchi,* 3 Boyce (Del.) 133, 80 Atl. 523, 524; *Shaw v. Thielbahr,* 82 N. J. Law 23, 81 Atl. 497, 498.

The only case cited to us or which we have found against a city which discusses the subject is *Pueblo v. Smith,* 3 Colo. App. 386, 33 Pac. 685. That court discusses the question as if it were a question of contributory negligence, and its conception seems to be that the defendant was claiming that it was contributory negligence for a plaintiff to be engaged in an unlawful act on the street whether that act had any causal connection with his calamity or not. A moment's thought, however, shows that this conception was wrong.

The precise point is that the city owes no duty to one on the street in a manner prohibited by law, and such a one has no right to a safe way. The argument, in substance, is that while it is the duty of the city to maintain its streets in a reasonably safe condition for travelers, yet it is not required to maintain them for the use of those who are by law forbidden to use them for travel. The precise question can arise only in an action against

one whose duty it is to maintain the street, for neglect of that duty.

This raises no question of contributory negligence, and the conclusion drawn in the briefs and in the opinion of our Court of Appeals, that the illegal use of the streets does not relieve the city from its duty toward the user unless there is a causal connection between the illegal use and the injury, is therefore illogical.

The question of causal relation of plaintiff's conduct to the accident concerns only the rule of contributory negligence, and that is appropriate only when the defendant has neglected some duty which he owes plaintiff; until, therefore, we have settled the question whether defendant owes such duty, the question of causal relation cannot arise, and if we decide that he does not owe the duty the question can never arise. The question, therefore, of causal relation is irrelevant to our present considerations.

It should be noted that we are not dealing with the question of wanton negligence.

The judgment is reversed, with directions to permit defendant to plead the fact that, when she was injured, plaintiff was operating the car in which she was injured on the public highway and that said car was not registered. Let the plaintiff make such reply as she is able, and let the case be tried anew on the issues of these pleadings alone, the amount of damages to be as on the previous verdict.