STATE OF MAINE *vs.* JOHN P. CHANDLER.

York.      Opinion June 25, 1932.

*Ralph W. Hawkes*, County Attorney, for the State.
*John P. Deering*, for respondent.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. The respondent, a resident of Florida, permitted by the laws of that state to operate a motor vehicle without a license, on July 17, 1931, while touring in Maine, was arrested for operating a motor vehicle on the public highways without the license required by the Motor Vehicle Law. The case is reported from the trial Court on an Agreed Statement.

The following summary indicates the scope of the licensing provisions of the law as set out in the several sections of Chapter 29 of the Revised Statutes:

"No person shall operate a motor vehicle upon any way in this state unless licensed according to the provisions of this chapter" (Sec. 39). This provision "shall not apply * * to a nonresident operator, other than the operator of any such vehicle belonging to a foreign corporation doing business in this state, * * provided said operator has complied with the provisions of law of the state or country of his residence relative to operators' licenses. But this exemption regarding operators' licenses shall not apply to any operator resident in any other state or country whose laws do not require such operators' licenses" (Sec. 40). Except as suspension or revocation of a license of a nonresident in the state of his residence is ground for similar action here, his right to operate cars in this state is subject to suspension or revocation for the same causes, under the same conditions and in the same manner as is that of residents. The penalties for operation thereafter are those prescribed for operation by a resident without a license (Sec. 45).

The annual fee for an operator's license is $2, payable to the secretary of state to be transmitted with other moneys collected from his administration of the Motor Vehicle Law to the state treasurer (Sec. 33). These moneys are appropriated for and are to be used (or an amount equivalent thereto) for the administration of the office and duties of the state highway commission, including the expenses of administering the motor vehicle department and licensing of operators and registration of vehicles, to meet all provisions or bond issues for state highway construction, to fulfill the requirements of the joint fund for the construction and permanent im-

provement of state aid highways and for the repair and maintenance of state and state aid highways (Sec. 117).

The respondent maintains that this license regulation denies to him, as a resident of Florida which permits motor vehicles to be operated on its highways without a license, privileges which are accorded to the residents of many states, outside of Maine, which have this requirement. This he charges is a denial of the equal protection of the laws guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

The right of a state in the exercise of its police power to prescribe uniform regulations necessary for public safety and order in respect to the operation of motor vehicles on its highways has been repeatedly recognized and sustained. *The Hodge Drive-It-Yourself Co.* v. *Cincinnati* (U. S.), 52 Sup. Ct. Rep., 144; *Sprout* v. *South Bend,* 277 U. S., 163, 168; *Morris* v. *Duby,* 274 U. S., 135; *Kane* v. *New Jersey,* 242 U. S., 160; *Hendrick* v. *Maryland,* 235 U. S., 610. See *State* v. *Mayo,* 106 Me., 62, 75 A., 295; *State* v. *Phillips,* 107 Me., 249, 78 A., 283; *McCarthy* v. *Leeds,* 116 Me., 275, 279, 101 A., 448. It includes the right to require licenses for operation of such vehicles on its ways and the charge of a fee therefor reasonably required to defray the expense of administering the regulations, or even including a reasonable charge as a fair contribution to the cost of constructing and maintaining the public highways. *Sprout* v. *South Bend,* supra; *Kane* v. *New Jersey,* supra; *Hendrick* v. *Maryland,* supra. This power extends to nonresidents as well as to residents. *Hess* v. *Pawloski,* 274 U. S., 352; *Kane* v. *New Jersey,* supra.

Under the Maine law, all residents are required to take out a license from the state before operating their motor vehicles on the public highways. The fees charged for licenses, so far as here appears, are reasonable and properly appropriated. If the Legislature had seen fit, it could have rightfully extended this license requirement to all nonresidents and granted the exemption to none. The absence of such a provision in favor of nonresidents would not render the law discriminatory. *Kane* v. *New Jersey,* supra; *Storaasli* v. *Minnesota,* 283 U. S., 57. No more, in our opinion, does the inclusion of a grant of exemption only to those having licenses from the states of their residence.

In *Storaasli* v. *Minnesota*, the facts are closely analogous. The statutes of Minnesota provide that vehicles owned by nonresidents, properly registered in the country or state of the owner and carrying license plates of such state, are authorized to use its highways for ten days without registration or tax and, upon making proper filing with the registrar of motor vehicles within the ten-day period, are authorized to use the highways of the state for a total period of ninety days without any payment whatever. The appellant, a member of the military forces of the United States resident upon the Ft. Snelling Reservation, but a nonresident of Minnesota, attacked this provision as depriving him of the equal protection of the laws by refusing him the privileges accorded to residents of neighboring states who had registered their vehicles therein. The Court said:

"As was pointed out in *Kane* v. *New Jersey*, the absence of any such provision in favor of nonresidents would not render the law discriminatory. A resident of the state who desires to operate his car for a single day is liable for the entire year's tax. If the state determines to extend the privilege to nonresidents, it may with propriety limit the concession to those who have duly registered their vehicles in another state or country. The mere fact that Appellant has not so registered his car and can not, therefore, bring himself within the class benefited by the exemption, does not create a discrimination against him. The state was not bound to make a classification with respect to exemptions for him and those similarly situated. * * We find no improper classification or discrimination."

The same principles seem to be involved in the case at bar. The respondent's inability to bring himself within the class benefited by the exemptions conceded to nonresidents in the matter of operators' licenses leaves him on an equal footing with the residents of the state. He is entitled to no more. There is "no improper classification or discrimination."

In accordance with the stipulations accompanying the report, the case is remanded to the lower court, where the respondent must stand trial.

*So ordered.*