JONES *v.* TOWNSHIP OF BROOKFIELD.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS—NEGLIGENCE—PERSONAL
   INJURIES—IRRELEVANT TESTIMONY—APPEAL AND ERROR.
      In an action against a township for personal injuries al-
      leged to have been caused by its failure to maintain
      proper barriers and red light signals of danger at a point
      in the highway where a bridge had been washed out,
      refusal of the trial court to strike out testimony relative
      to the position of the planks forming the barrier after
      being struck by the automobile, *held*, not reversible error,
      although such testimony could be of no aid to the jury.

2. SAME—BRIDGES—CLOSED ROAD—BARRIERS—RED LIGHTS.
   .  Under Act No. 165, Pub. Acts 1917 (Comp. Laws Supp.
      1922, § 4747 [19] *et seq.*), authorizing the closing of any
      road "upon which is located any bridge which is being
      constructed or repaired," and requiring barriers to be
      conspicuously marked at night by red lights, the point
      of the road where a bridge was being rebuilt and a detour
      with a temporary bridge had been provided was closed,
      and red light signals at night were required.

3. SAME—NEGLIGENCE—BRIDGES—BARRIERS—RED LIGHTS.
      Failure of township officials to conspicuously mark by red
      lights at night a barrier in a road at the point where a
      bridge was out constituted negligence, and the trial court
      properly so instructed the jury.

4. APPEAL AND ERROR—APPELLANT MAY NOT COMPLAIN OF FAVOR-
   ABLE INSTRUCTIONS.
      Defendant may not complain of instructions to the jury
      on the questions of contributory negligence and the proxi-
      mate cause of the accident which were favorable to it.

5. MUNICIPAL CORPORATIONS — NEGLIGENCE — MOTOR VEHICLES —
   PASSENGER'S RIGHT TO RECOVER NOT BARRED BY DRIVER'S FAILURE
   TO HAVE LICENSE.
      In passenger's action against a township for personal in-
      juries caused by an insufficient barrier at a point in the
      road where a bridge was out, the fact that the driver

On duty of municipality to properly guard defective bridges,
see note in 20 L. R. A. (N. S.) 681.

of the automobile was without a license would not bar her right to recover.

Error to Eaton; Smith (Clement), J. Submitted October 4, 1922. (Docket No. 11.) Decided December 5, 1922.

Case by Dorcas Jones against the township of Brookfield for personal injuries caused by a defective highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*Peters & Marshall,* for appellant.

*Frank A. Dean* and *Ernest G. Davids,* for appellee.

WIEST, J. A freshet in March, 1918, loosened the abutments to a highway bridge over Battle creek in the township of Brookfield, Eaton county, and let the bridge fall into the creek. The township officers closed the highway on each side of the creek, by erecting barriers at intersecting highways, and caused a temporary bridge to be constructed just north of the old bridge, with a detour or way from the highway to it, placed barriers across the highway near where the old bridge stood, and then removed the barriers at the intersecting highways.

Plaintiff's husband and his brother owned an automobile, and the evening of April 13, 1918, plaintiff and her husband, seated in the back of the automobile, with the brother as driver, and his intended beside him, started to drive to a dance, going over the highway in question. While driving at a rate of about 20 miles per hour the car approached the barrier at the west side of the old bridge opening. The driver did not notice any obstruction until about 5 feet from some old bridge planks across the road and he at once applied the emergency brakes but struck the planks,

which turned the car completely around, threw plaintiff over into the opening where the bridge was out, and upon the ironwork of the old bridge where it lay in the creek, and then into the water, causing her serious injuries.   She brought this suit to recover damages, claiming the township was negligent in not placing a proper barrier at a reasonable and sufficient distance from the opening where the bridge had gone out, and in not maintaining red light signals of danger there in the nighttime.

The testimony introduced in behalf of defendant tended to show that the detour from the roadway to the temporary bridge left the highway about 30 feet from the old bridge opening; that about 10 feet from the opening two or three planks were set on edge across the road, fastened to posts at each side and a pole placed across the road about waist high, resting on the tops of the posts and a board nailed to the posts between the pole and the planks and across the road. No red light was placed at the barrier at night.   The testimony in behalf of plaintiff tended to show that the detour was not observable at night, and was not indicated by any sign and the only visible objects in the highway, as one approached the old bridge opening, were planks lying flat across the road as though a part of the drive to the bridge, and placed within a few feet of the drop into the creek, and the danger was not, therefore, discoverable by the driver until the car was within five feet of the planks.   Plaintiff had judgment and the case is here on writ of error.

At the close of the proofs defendant moved for judgment on the ground that the driver of the car was guilty of negligence, and such negligence was imputable to plaintiff; that the law required no warning by way of red lights at night, as the road was not closed, and that the barrier erected was sufficient.   This motion was denied and the issues submitted to the

jury. Defendant, by requests to charge, and exceptions to the charge as given, brings before us all the pivotal questions in the case.

Two witnesses gave testimony, without objection, relative to the position of the planks after the accident. When a third witness was asked about the position of the planks after the accident objection was made, and the question withdrawn, and counsel for defendant moved to strike out all such testimony on the subject. The court declined to do so. The position of the planks, after being struck by the car, could be of no aid to the jury, but we are not satisfied such testimony was harmful enough to constitute reversible error.

The court instructed the jury:

"I instruct you that that part of the highway wherein said bridge was washed away and from which a temporary road detoured from the east and west approaches thereof and around the north side thereof, was a closed road within the meaning of the statute, and it became and was the legal duty of said defendant through its officers to erect suitable barriers at the west and east ends of the closed portion and to conspicuously mark said barriers at night by red lights. It became and was also the duty of highway officials of said township having such work in charge to place notices in the form of plainly legible signs at either end of the closed portion of said highway to warn travelers along said highway of the dangerous condition thereof. And I instruct you further that the failure and neglect of said officials to comply with the above provisions of the statute is negligence on the part of said defendant township.

"I instruct you that the evidence is undisputed in this case that the night was dark, that the highway to the west of said bridge was level and in good condition at the time of the accident, that the barriers were placed within a distance of from four to twelve feet from the west side of said opening into the river in said highway. It is further undisputed that no red lights were displayed at said barriers on the night

in question or on any night previous thereto. I instruct you that this was not a compliance with the statute and constituted negligence on the part of the defendant township.

"I instruct you further that the driver of said automobile was not bound to anticipate that the highway officials had been negligent in their duty or that they were approaching a dangerous condition of the highway. He had a right to assume, as does every driver of an automobile over an unfamiliar highway in this State, that if he was approaching a dangerous condition in said highway that the officials in charge would give him due and timely warning thereof.

"I instruct you that if you find from the evidence that the driver when he approached said opening was in the exercise of ordinary care in the management of said automobile that plaintiff is entitled to recover."

It is insisted that this was error, and this brings up the principal question in the case.

Act No. 165, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 4747 [19] *et seq.*), provides:

"SECTION 1. The officials who may have in charge the work of constructing, improving or repairing roads in any county, good roads district or township in this State are hereby given authority to close any road or portion of any road, which is under process of construction, improvement or repair or upon which is located any bridge which is being constructed or repaired: *Provided,* That no road shall be deemed to be closed under the provisions of this act until suitable barriers have been erected at the ends of said road or of the closed portion thereof, and also at the point of intersection of such road or portion of highway with other roads. Said barriers shall be conspicuously marked at night by red lights.

"SEC. 2. No road shall be closed under the provisions of this act until suitable detours around the same, or the closed portion thereof, are provided and are placed in reasonably safe and passable condition for traffic. Notices in the form of plainly legible signs shall be placed by the highway officials having such work in charge at either end of the closed high-

way or portion of highway and at such intermediate points along the detour, or detours, as may be necessary to plainly mark the same. Upon the completion of the work of construction, improvement or repair and as soon as the road or bridge constructed, improved or repaired shall be in suitable condition for public travel, all barriers, marks and signs whatsoever erected under the provisions hereof shall be at once removed by the officials erecting or placing the same."

Defendant contends that with the detour and temporary bridge established the highway was not closed within the meaning of the law. Authority is given to close a portion of any road "upon which is located any bridge which is being constructed or repaired." With the bridge carried away there devolved upon defendant the imperative duty to close the approach to the pitfall created thereby.

Does the provision of the statute requiring the barriers to be conspicuously marked at night by red lights apply only to barriers erected at the points of intersection with other roads? Necessity in each instance determines the portion of the road to be closed and the statute expressly recognizes necessity as a ruling guide in providing for the closing of a portion of the road. The statute serves two purposes; safeguards travelers and prevents intrusion upon roads under construction or repair. The going out of the bridge closed the road to travel at that point and the detour and temporary bridge were prepared in recognition of such fact. But, it is said, the road was not closed because the detour and temporary bridge permitted it to be used. This contention is answered by the provision in the statute that when any portion of a road is closed a detour shall be provided. The barriers erected across the roadway undoubtedly served to give warning in the daytime, but left discovery at night to the vigilance of one approaching over an apparently open highway.

Boards and a pole across a road signal no warning when hidden by darkness; they await discovery, but a red light at a barrier sends its warning of danger to meet every traveler. With good roads and fast moving vehicles the red light warning of danger, in case of obstruction or pitfall in the road, has become a necessity and the statute upon the subject is but a recognition of such need. With the bridge out the road was closed at that point, and the statute required a suitable barrier "conspicuously marked at night by red lights." The failure to mark the barrier at night by red lights constituted negligence on defendant's part, and the circuit judge was right in so instructing the jury.

The court also instructed the jury:

"I instruct you that the township is not an insurer of the safety of persons traveling upon the highway, but is only required to keep and maintain the highway in a condition reasonably safe for public travel and if you find that the barriers erected by the defendant township at this point were sufficient to give reasonable notice to travelers on the highway that there was danger ahead, that the barriers across the highway at the point where this accident occurred were of ample size and so constructed as to be plainly visible to a person approaching from the west driving an automobile in the nighttime, provided the car was equipped with adequate lights, and the driver was watching the road in a careful manner and that it was observable at a sufficient distance ahead to enable the driver of a car, equipped with adequate lights to have seen the obstacle in time to have stopped, if he had his car under control, and that he could have seen this barrier had he looked, but that he did not see it until within about five feet of it and too late to stop and that the failure of the driver of this car to see this barrier until within five feet of it and too late to stop was negligence as a matter of law and this negligence is attributable to the plaintiff, she being a passenger of the car and that for this reason in case you so find, she cannot

recover and your verdict should be for the defendant, no cause for action.

"I instruct you that the law requires the driver of an automobile to have such lights as will show objects immediately in front of him and that he must have his machine under such control as not to run into obstructions that are visible in front of him in the highway and that if this barrier erected by the township was of such a nature that it was in plain sight and visible and the driver of the car in which plaintiff was riding, although he had sufficient lights, failed to observe the barrier and run into it and then into the river, that the defendant is not liable.

"I instruct you that if the lights on the automobile in which defendant was riding were not sufficient to disclose barriers placed across the highway sufficient distance ahead to stop the car and avoid the obstruction, then the plaintiff cannot recover."

This related to the question of the contributory negligence of the driver of the car and the proximate cause of the accident and was favorable to defendant. The court instructed the jury that the negligence of the driver of the car, if he was negligent, was imputable to plaintiff.

It appears that the car was driven without a license, and defendant requested the court to instruct the jury that such fact prevented recovery. This was properly refused. *Spencer* v. *Phillips & Taylor*, 219 Mich. 353.

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.