No. 31,337

ALVAH McCARRY, *Appellant,* v. CENTER TOWNSHIP et al., *Appellees.*

(27 P. 2d 265.)

Opinion filed December 9, 1933.

*Wilford R. Lutz* and *J. T. Reed,* both of Smith Center, for the appellant.
*A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was instituted by Alvah McCarry against Center township, Smith county, and its officers to recover damages for injuries sustained by him because of an illegal defective

highway over which he was traveling—a highway which it is said it was the duty of the township to maintain and keep safe for travel.

The plaintiff alleged that there was an abrupt turn of the highway at an intersection of another highway by which a traveler going at a reasonable rate of speed could not discover the turn until it was too late to make it safely, and that as he approached the turn, going at a speed of thirty miles per hour, he did not and it was impossible for him to discover the turn in time to make it, with the result that he went into a ditch wrecking his car and seriously injuring him.

The answer of the defendants was first, a general denial, and in paragraph five of the answer it was alleged:

"That the said plaintiff, at the time of the accident complained of, was operating said automobile and using said highways in violation of law and in violation of the uniform operator's and chauffeur's license act, . . . had not at the time of the accident nor at any time prior thereto made application for nor obtained a license to operate a motor vehicle within the state of Kansas, although plaintiff was not exempted under the provisions of the laws of the state of Kansas from so doing. . . . And at the time of the accident, was personally operating and driving an automobile and thereby using the highways of Center township, Smith county, Kansas, without lawful right so to do, because of the failure of the plaintiff to obtain a license to operate an automobile in compliance with the uniform operator's and chauffeur's license act of the state of Kansas."

The plaintiff filed a demurrer to the defense set out in paragraph five and moved to strike the same from the answer on the ground that the facts set forth failed to state a defense to the action. This demurrer was overruled, and an appeal by plaintiff was taken from the ruling.

The challenged ruling raises the question whether a motorist driving his car over and using the highways of the state without license or authority, and in direct violation of a statute, may recover damages from the municipality because of defects in the highway which caused injury to him. We have a statute which provides:

"No person except those expressly exempted under the provisions of this act shall drive any motor vehicle upon a highway in this state unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this act." (R. S. 1931 Supp. 8-202.)

The record discloses that the plaintiff was not within any of the exceptions named in the act. Another section of the act provides that a violation of the provision quoted constitutes a misdemeanor

punishable by a fine of not more than $500 or imprisonment not more than six months or by both fine and imprisonment.

Two lines of cases are cited, one to the effect that where a motorist is a trespasser and using the highways in direct violation of law, he may not recover against the municipality for injuries sustained by reason of defects in the highway, while the other holds that such violation of the statute does not prevent a recovery unless there was a causal connection between the act involved in the violation of the statute and the resulting injury for which a recovery is sought. In *McCarthy v. Leeds*, 116 Me. 275, where a person was injured while traveling on a highway caused by a defect in the same, it appears he was traveling without having the automobile registered, as the statute required. It was held that one driving in defiance of a statutory prohibition and unlawfully upon the highway, is not entitled to recover. It was said:

"The decision does not rest upon the common-law principle of causal connection. The true theory is that this unregistered car was expressly forbidden by statute to pass along the highway and over the bridge." (p. 279.)

In a later case in the same state where the automobile was being driven by an unlicensed person who claimed damages for an injury sustained while driving over the highway in violation of law, it was held that the liability of the town for defects in the highway was not recoverable. That such liability "is not a question of causal connection in either case between the violation of the statute and the happening of the accident; the unregistered car and the unlicensed operator are alike expressly forbidden by the statute to pass along the highway," and that "so far as the town is concerned the unlicensed operator is not a lawful traveler upon the highway unless in any particular case he is within the exception found in the statute." (*Blanchard v. Portland*, 120 Me. 142.)

A like case was before the supreme court of Massachusetts in *Doherty v. Ayer*, 197 Mass. 241, where an action was brought to recover damages to the plaintiff's automobile alleged to have been caused by a defect in a highway which the defendant was bound to keep in repair. The court, among other things, said:

"If it appeared affirmatively that he was traveling without a proper registration of the vehicle or without a license to operate it, it might well be held that he was not a traveler upon the highway in a legal sense, and that the town owed him no duty under the statute." (p. 247.)

And further:

"We are of opinion that a violation of the statute in this particular so affects the direct relation of the violator to the town, in regard to the way and the only use that he was making of it, as to leave him without remedy for an injury caused by a defect in the way." (p. 248.)

Along the same line is the case of *Johnson v. Irasburgh*, 47 Vt. 28. In the opinion it was said:

"Thus the question is distinctly presented for decision, whether a town is liable for damages sustained through the insufficiency of a highway, which it is legally bound to keep in repair, to one who is unlawfully traveling on such highway, or traveling on the Sabbath without a legal excuse. The question is not, whether the plaintiff is barred from recovering damages which he would otherwise be entitled to recover, because he was, at the time he received the injury, committing an unlawful act, or traveling at an unlawful rate of speed, but whether the town was under a legal duty to furnish him a safe highway to travel over, when, at that precise time, he was forbidden, by law, to travel over the highway. . . The liability of towns for the sufficiency of their highways is wholly imposed by statute. The right of the traveler to recover for injuries sustained through such insufficiency, is also conferred by statute. No such liability or right existed at common law. The duty and liabilities of towns in regard to their highways, are due only to travelers, to that class who have the right to pass and repass thereon, and continue only so long as they are in the exercise of that right." (pp. 32, 36.)

See, also, *Hanley v. Town of Poultney*, 100 Vt. 172; *La Junta v. Dudley*, 82 Colo. 354; *Feeley v. Melrose*, 205 Mass. 329.

On the other side, some courts have held that the violation of law by the motorist will not preclude a recovery against another unless such failure sustains some causal relation to the injury. (*Wolford v. City of Grinnell*, 179 Ia. 689.) See, also, *Jones v. Township of Brookfield*, 221 Mich. 235.

In the exercise of its police power the state has the right to limit and control the use of its highway. To promote the safety of travel and the public welfare, it may restrict the vehicles that can be used on certain streets and limit the persons who may operate them. It may close some streets absolutely as against travel by certain vehicles. It may provide that young children and inexperienced persons may not operate motor vehicles on the highway and punish those who do so. To that end the legislature provided that a person who failed to demonstrate his fitness to safely operate an automobile on the highway and had failed to procure a license from the proper authorities, certifying that he had the experience and fitness to safely operate the same, was barred from driving on the highways of the state. Here we have an absolute prohibition that one driving

on the highway without a license and in defiance of the statute thereby endangering the property and lives of others entitled to the use of the streets, cannot well claim the rights of lawful travelers nor insist that the municipality owes him the duty of maintaining the streets for his benefit. As we have seen, the action is not brought under the common law of recovery of damages for negligence, but is brought under the statutory provision that municipalities may, under certain restrictions, be held liable for failing to safely maintain the highways in good condition, a liability which did not exist until the statute was enacted. The statutory provision forbidding the unlicensed person to drive on the highways is likewise statutory, and we think the doctrine of causal connection mentioned, applicable in common-law cases, does not apply here or override the statutory prohibition. We think that one prohibited from the use of the highways cannot claim that the municipality owes him the duty to maintain the highway for his safety and benefit, and that it is liable to him in damages for injury received because the township had not kept the highway in as good condition as he thinks it should have done. We are better satisfied with the authorities holding that one not entitled to drive on the highway because of the prohibition mentioned is not entitled to recover damages from the township for injuries received while violating the statute.

Our judgment is that the ruling of the district court be and it is affirmed.

HUTCHISON, J., not sitting.