No. 34,826

G. A. MILLER, *Appellee*, v. THE CITY OF EL DORADO, *Appellant*.

(103 P. 2d 835)

Opinion filed July 6, 1940.

*F. J. Leasure,* of El Dorado, for the appellant.

*Henry Lampl,* of Wichita, and *Stanley Taylor,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained in a motorcycle casualty alleged to have resulted from negligence of defendant in not keeping its street in safe condition for travel. The trial court overruled defendant's demurrer to plaintiff's supplemental (amended) petition, and defendant has appealed.

But one point is argued: Was the city under any duty to maintain a reasonably safe street for plaintiff to use the motorcycle he was riding at the time of the casualty? The amended petition, as it pertains to this point, may be summarized as follows: Emporia street in El Dorado is a main-traveled, paved, north-and-south street. It is intersected by Central avenue, an east-and-west street. Sometime prior to the casualty three holes, about four feet east and west and two feet north and south, had been cut through the pavement by the city in repairing its water mains, or by the gas company, with a permit from the city, in repairing its gas mains.

These holes were about seven feet apart, in line with each other, and in the east traveled portion of Emporia street, in the first block north of Central avenue. In filling the holes the dirt had not been tamped. .The dirt had settled, the concrete pavement had not been replaced, and in each of them there was a depression about three inches deep, surrounded by the sharp edges of the pavement. On the afternoon of March 29, 1938, about five o'clock, plaintiff rode a motorcycle north on Emporia street. He stopped at the intersection of Central avenue to let the traffic pass and proceeded north along the east traveled portion of Emporia street at about fifteen miles per hour. He was looking down to shift the gears on his motorcycle and did not observe the depressions in the street. The motorcycle struck one of them, bounced, and got out of control; plaintiff was thrown from it and sustained serious injuries. It was alleged that on the day of the casualty plaintiff had a valid license issued to him authorizing him to operate a motor vehicle; that the motorcycle he was riding was owned by Jack Miller, of Hutchinson; that the motorcycle was registered in 1937 under the name of F. B. Owston, of Hutchinson, and carried Kansas license plate No. 837; that Jack Miller purchased the motorcycle on February 19, 1938, and thereafter and on February 25, 1938, Jack Miller applied for title and registration and was issued tag No. 525, and also a title number; that plaintiff does not have a copy of the 1938 registration certificate issued by the Kansas state vehicle commissioner for the motorcycle, and *"That said motorcycle did not have attached to it on March 29, 1938, the license plate issued for said year."* (Italics ours.)

Appellant cites and relies on the doctrine ruled in *McCarry v. Center Township,* 138 Kan. 624, 27 P. 2d 265. It was there held:

"A township is not liable to one driving an automobile, for injury received on the ground that the highway over which the motorist was driving was defective, where the motorist was unlicensed and under the statute was prohibited from driving upon the highway when the accident occurred, even though there was no causal relation between the violation of the statute by the motorist and the injury he sustained."

Appellee concedes the soundness of the doctrine there announced, but seeks to distinguish that case from this on the ground that the statute then being construed and applied (G. S. 1935, 8-202) contains a prohibition against any person who does not have a driver's license from driving upon the highway, and contends the statutes

applicable here make no such prohibition against the use of a motor vehicle without a license plate for the current year, but in lieu thereof make such use a misdemeanor (G. S. 1937 Supp. 8-142), and provide a penalty (G. S. 1935, 8-149). The violation of the statute considered in the McCarry case constituted a misdemeanor, for which a penalty was provided (G. S. 1935, 8-230, 8-231); hence, that fact is not sufficient to distinguish the cases. The parts of our statute pertinent to the case before us are as follows: (Italics, where used, are ours.) As used in our statutes the term "motor vehicle" includes a motorcycle, and the term "highway" includes a city street (G. S. 1937 Supp. 8-126):

"Every owner of a motor vehicle . . . intended to be operated upon any highway in this state *shall, before the same is so operated, apply for* and *obtain the registration thereof.*" (G. S. 1935, 8-127.)

"The number plates assigned to vehicle *shall be attached* to the front and rear thereof, and *shall be so displayed during the current registration year.* . . ." (G. S. 1935, 8-133.)

"(*a*) Every vehicle registration under this act shall expire December thirty-first (31st) of each year, and shall be renewed annually upon application by the owner and by payment of the fees required by law, such renewal to take effect on the first day of January each year. (*b*) An owner who has made proper application for renewal of registration of a vehicle previous to January first, but who has not received the number plates . . . shall be entitled to operate . . . such vehicle upon the highways upon displaying thereon the number plates . . . issued for the preceding year *for such time, to be prescribed by the department, as it may find necessary for issuance of such new plates.*" (G. S. 1935, 8-134.)

"It shall be unlawful for any person . . . to operate . . . upon a highway . . . any motor vehicle . . . which does not have attached thereto and displayed thereon the number plate or plates assigned thereto by the department for the current registration year." (G. S. 1937 Supp. 8-142.)

And G. S. 1935, 8-149, makes the unlawful act just referred to a misdemeanor, punishable by a fine or jail sentence, or both.

Appellee points to the latter part of G. S. 1935, 8-134, and argues the statute recognizes the right of the owner of a motor vehicle to use the old license plates for a part of a current year under some circumstances. That may be conceded; but this is not helpful to him, for the allegations of the petition negative the application of this provision of the statute.

It seems clear from the statutes above mentioned that plaintiff had no right to use the motorcycle on the street at the time of the casualty. By doing so he was violating our statutes and committing

a misdemeanor, for which he was subject to a fine or imprisonment, or both; this much is conceded by appellee. Upon behalf of appellee the narrow point is pressed that the statute does not contain a prohibition against the operator of a motor vehicle on the highways without the current license plates. The point is not well taken. The statute requires registration of a motor vehicle *before* it is operated on the highways, and requires that at all times it is so operated it carry the license plates for the current year. The petition does not plead plaintiff to have been within any of the exceptions of the statutes; indeed, the pleading shows the contrary. We think these statutes just as strong a prohibition as though other language had been used to express the same thought. To say the owner may not use the vehicle on the highways until certain things are done is tantamount to saying he is prohibited from so using it until those things are done. We are satisfied with our decision in *McCarry v. Center Township,* supra. There is no reason to distinguish this case from it.

Since it is not argued, we pass the question whether the defect in the street, as alleged, was so great as to make the street unsafe for reasonable use; but on that point see *Ford v. City of Kinsley,* 141 Kan. 877 (and cases cited, pp. 880-881), 44 P. 2d 255; also the effect on plaintiff's right to recover in view of the alleged fact that he was looking down, shifting gears, and was not observing the street ahead of him at or just before the time of the casualty. We also pass, although argued by appellant, the effect of a certain ordinance of the city of El Dorado, since it is not referred to in the petition and was not considered by the trial court.

For reasons stated, the judgment of the trial court must be reversed with directions to sustain defendant's demurrer to the amended petition. It is so ordered.