No. 55,979

HENRY ELI, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK, *Appellee*.

(681 P.2d 673)

Opinion filed June 8, 1984.

*Charles E. Watson*, of Wellington, argued the cause and was on the brief for appellant.

*David L. Blakemore*, assistant county counselor, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Plaintiff Henry Eli was injured in a one-vehicle accident on August 13, 1979, while operating his motorcycle. Plaintiff filed suit against defendant Board of County Commissioners contending the cause of the accident and his resultant injuries was a street defect in a road maintained by the defendant. The district court entered summary judgment in favor of defendant and plaintiff appeals therefrom.

The motorcycle in question had been acquired in a trade a few months earlier. It is undisputed that at the time of the accident plaintiff was operating the vehicle in violation of state laws relative to motor vehicle registration (K.S.A. 8-127[a]), license tags (K.S.A. 8-133), and insurance (K.S.A. 40-3104). Additionally the motorcycle was not equipped with turn signals and could not have passed the then applicable state inspection requirements. It is conceded that the failure to comply with these state motor vehicle laws made it unlawful for plaintiff to operate the motor-

cycle upon a public highway (K.S.A. 8-142, K.S.A. 40-3104). It is not contended there was any causal connection between these statutory violations by the plaintiff and the injuries he sustained. The district court entered summary judgment for the defendant Board of County Commissioners on the basis that Kansas law precluded recovery for injuries received from an alleged street defect where the injured party was operating his vehicle in violation of state law. The district court cited *Miller v. City of El Dorado,* 152 Kan. 379, 103 P.2d 835 (1940), as controlling on this issue.

The court in *Miller* held:

"A city is under no duty to furnish reasonably safe streets for the use of a motor vehicle which, under our statutes, no one is authorized to use on the streets." Syl. ¶ 1.

In *Miller* this court reaffirmed its previous holding in *McCarry v. Center Township,* 138 Kan. 624, 27 P.2d 265 (1933), which stated:

"A township is not liable to one driving an automobile, for injury received on the ground that the highway over which the motorist was driving was defective, where the motorist was unlicensed and under the statute was prohibited from driving upon the highway when the accident occurred, *even though there was no causal relation between the violation of the statute by the motorist and the injury he sustained.*" Syl. ¶ 1. (Emphasis supplied.)

This rule of law did not apply where the injured driver brought the action against a private individual for negligence rather than against a governmental entity predicated upon a street defect. *E.g., Anderson v. Sterrit,* 95 Kan. 483, 148 Pac. 635 (1915).

As stated in *Williams v. Esaw,* 214 Kan. 658, 522 P.2d 950 (1974):

"The violation of the provisions of a driver's licensing act or of restrictions contained in a license issued thereunder, so far as the question of contributory negligence is concerned, will not defeat recovery for injuries sustained in a motor vehicle accident unless the licensing violation proximately contributes to the injuries received." Syl. ¶ 3.

It is obvious from the quoted portion of *Williams* the cause of action arose therein before the 1974 adoption of comparative negligence in Kansas. K.S.A. 60-258a. Under the present law where there is evidence of a causal connection between the statutory violation and the injury complained of, the matter would be submitted to the jury as a factor in determining appor-

tionment of fault, rather than as an absolute bar to recovery under the prior law of contributory negligence. As stated in *Wilson v. Probst,* 224 Kan. 459, 581 P.2d 380 (1978):

"In the context of comparative negligence, highway defects claimed to have contributed to the occurrence from which the injuries and damages arose must be compared to the alleged negligence of other parties if the intent of K.S.A. 60-258a is to be accomplished." Syl. ¶ 3.

The dubious logic of treating persons operating motor vehicles in violation of the law differently, depending upon whether recovery was sought against private persons for negligence or against governmental entities for street defects, has been criticized for its inequity. As one commentator noted fifty years ago:

"It is a little difficult to understand why an automobile driver can be an outlaw and his automobile a nuisance as to one adversary, and be free from the same results as to another . . . ." Comment, *Automobiles—Unlicensed Operator,* 2 J.B.A.K. 213, 214 (1934).

Plaintiff contends the unfairness in the law relative to this area has been eliminated by the adoption of the Kansas Tort Claims Act (K.S.A. 1983 Supp. 75-6101 *et seq.*). Specifically, plaintiff relies upon K.S.A. 1983 Supp. 75-6103(*a*) which provides:

"Subject to the limitations of this act, *each governmental entity shall be liable for damages* caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment *under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."* (Emphasis supplied.)

We agree. We therefore conclude the rule of law which held a governmental entity had no liability to a person who was injured by a street defect while operating a motor vehicle upon a public road if the injured driver was in violation of the law in so driving, regardless of whether or not there was a causal connection between the law violation and the injury, has been legislatively abolished by enactment of K.S.A. 1983 Supp. 75-6103(*a*) of the Kansas Tort Claims Act (K.S.A. 1983 Supp. 75-6101 *et seq.*). If there is evidence of a causal connection between the motor vehicle driver's law violation and the injuries he or she received, this is a factor to be considered by the jury in its determination of fault under comparative negligence (K.S.A. 60-258a).

It should be noted defendant is not contending the alleged street defect herein is within any of the exceptions from liability

set forth in K.S.A. 1983 Supp. 75-6104 of the Kansas Tort Claims Act.

The judgment is reversed and the case is remanded for further proceedings.