**PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation, Plaintiff,**

v.

**P.B. HOIDALE COMPANY, INC.; Employers Mutual Casualty Company; and Lightner–Kanaga Insurance, Inc., Defendants.**

**Civ. A. No. 87–1384–B.**

United States District Court, D. Kansas.

Sept. 2, 1992.

Timothy J. Finnerty, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan. and Debra J. Arnett, Hartley, Nicholson & Hartley, P.A., Paola, Kan., for Pacific Employers Ins. Co.

Jeffery L. Carmichael, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., for P.B. Hoidale Co., Inc.

Eldon L. Boisseau, Turner & Boisseau, Chartered, Wichita, Kan., for Employers Mut. Cas. Co.

Floyd E. Gehrt and William A. Larson, Gehrt & Roberts, Chartered, Topeka, Kan., for Lightner–Kanaga Ins., Inc.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendant Employers Mutual Casualty Company ("Employers") for judgment as a matter of law or a new trial (Doc. 424); and the motions of Pacific Employers Insurance Company ("Pacific") and P.B. Hoidale Inc. ("Hoidale") for attorney fees. (Docs. 433, 428). The facts have been set forth previously. 789 F.Supp. 1117.

### I. *Employers' Motion*

Employers moves for relief from judgment on the grounds that the verdict is against the weight of the evidence, and that the court committed prejudicial errors of law.

### A. *Judgment as a Matter of Law*

█ Rule 50 of the Federal Rules of Civil Procedure provides that the court may enter judgment as a matter of law against a party who has been fully heard on a dispositive issue if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue,...."[1] The court must determine whether there is evidence from which a jury could find in favor of the party who has obtained a favorable verdict, *Cleveland v. Piper Aircraft Corp.,* 890 F.2d 1540, 1553 (10th Cir.1989), and may grant the motion "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *O.E.R., Inc. v. Hickerson,* 880 F.2d 1178, 1180 (10th Cir.1989). The court may not weigh the evidence or make credibility determinations, but must view the evidence most favorably to the non-moving party, giving that party the benefit of all reasonable inferences. *Hurd v. American Hoist & Derrick Co.,* 734 F.2d 495, 498–99 (10th Cir.1984).

█ Employers advances one ground that would entitle it to judgment as a matter of law. According to Employers, all Kansas cases imposing liability on an insurer for its negligent or bad faith defense of its insured have involved facts of undisputed liability on the part of the insured. *See Smith v. Blackwell,* 14 Kan.App.2d 158, 164, 791 P.2d 1343 (1989), *review denied,* 246 Kan. 769 (1990); *Rector v. Husted,* 214 Kan. 230, 241, 519 P.2d 634 (1974); *Covill*

---

1. The recent amendments to Rule 50 have effected no change in the existing standards for granting what was formerly called a motion for directed verdict and for judgment notwithstanding the verdict. *See id.* 1991 advisory committee notes, subdivision (a); *Dessie v. Generale Bank,* 799 F.Supp. 1544, 1546 n. 2 (S.D.N.Y. 1992) (1992 WL 201320).

*v. Phillips*, 452 F.Supp. 224, 231 (D.Kan. 1978). Thus, Employers argues that it cannot be held liable in this case, where Hoidale denied any liability for the Doll accident, and Doll himself admitted that his own negligence contributed to the accident. In essence, Employers urges the court to rule, as a matter of law, that reasonable insurance companies confronted with a claim of "unclear liability" will be free to discount all other factors; to refuse to offer a settlement for anything more than a "nuisance" amount; and to entrust their fate to the uncertainties inherent in trials. The Kansas Supreme Court has never proposed such a touchstone, nor will this court.

Employers places considerable reliance on Doll's candid admission of negligence in bringing about his own injuries. This fact, although relevant, does nothing to diminish the soundness of Doll's "crashworthiness" theory of liability against Hoidale. Employers' conduct throughout the Doll litigation—and to some extent even in this trial—demonstrated either ignorance of the crashworthiness theory, or a heedless certitude of its incompatibility with Kansas law.[2] Faced with a viable theory of liability against its insured, supported by tangible evidence, Employers might reasonably have been expected to engage Doll in settlement negotiations that evinced an appreciation for the extent of Hoidale's liability exposure.

Assuming that the liability of Hoidale in the Doll action was not "clear," the court nonetheless finds no merit to Employers' argument. As the court stated in *Bollinger v. Nuss*, 202 Kan. 326, 338, 449 P.2d 502 (1969), "the question of liability depends upon the circumstances of the particular case and must be determined by taking into account the various factors present, rather than on the basis of any general statement or definition." Among the factors to consider is "the strength of the injured claimant's case on the issues of liability and damages; ...." *Id.* at 338, 449 P.2d 502 (quoting *Brown v. Guarantee Ins. Co.*, 155 Cal.App.2d 679, 689, 319 P.2d 69 (1957)). *See also Insurance Co. of N. Am. v. Medical Protective Co.*, 768 F.2d 315, 321 (10th Cir.1985) (listing factors). "The value of an unlitigated claim must be determined on its own apparent merits, or lack of them, *the possibility of liability being established,* and on the injuries and their extent being proven." 202 Kan. at 341, 449 P.2d 502 (emphasis added). In the final analysis, the question is whether "the insurer [has] treat[ed] the claim as if it alone were liable for the entire amount," *id.* at 337, 449 P.2d 502, "as it would if there were no applicable policy limits." *Id.* at 338, 449 P.2d 502.

### B. *New Trial*

Employers argues for a new trial based on the evidence and on certain adverse rulings.

"A motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Thornbrugh*, 962 F.2d 1438, 1443 (10th Cir.1992). The decision of whether to grant such a motion is committed to the sound discretion of the trial court. *E.g., McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Royal College Shop, Inc. v. Northern Ins. Co.*, 895 F.2d 670, 677 (10th Cir. 1990).

---

**2.** The basis for Employers' confident dismissal of the widely accepted crashworthiness theory remains unclear. Apparently, Employers believes that it could reasonably disregard the theory merely because the Kansas Supreme has never expressly adopted it. *Cf. Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 370, 634 P.2d 1127 (1981) (noting theory, but finding unnecessary to rule on its availability); *Watkins v. Hartsock*, 245 Kan. 756, 764, 783 P.2d 1293 (1989) (automobile manufacturer may introduce evidence of non- or misuse of its product when defending design of vehicle against crashworthiness theory). In *Stueve v. American Honda Motors Co.*, 457 F.Supp. 740, 758–59 (D.Kan.1978), Judge Rogers predicted that Kansas would adopt the crashworthiness theory. *See also Lenherr v. NRM Corp.*, 504 F.Supp. 165, 174 (D.Kan.1980) (Kansas design defect theory is analogous to crashworthiness concept). Thus, the court understands Employers' position to be that, as a matter of law, reasonable insurance companies may ignore unfavorable state law as predicted by the federal courts of a jurisdiction, and on which the state courts have cast no aspersion.

### 1. Factual Grounds

■ A motion for new trial on the ground that the verdict is against the weight of the evidence normally presents a question of fact, not of law. *Tafoya v. Sears, Roebuck & Co.*, 884 F.2d 1330, 1342 (10th Cir.1989). In determining whether a new trial is proper on this ground, the court may weigh the evidence for itself and consider the credibility of the witnesses. *Laughinghouse v. Risser*, 786 F.Supp. 920, 922 (D.Kan.1992); *Commons v. Montgomery Ward & Co.*, 614 F.Supp. 443, 449 (D.Kan.1985); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2806, at 45 (1973). However, this discretionary power should be invoked only in the exceptional case where the evidence preponderates heavily against the verdict. *United States v. Suntar Roofing, Inc.*, 709 F.Supp. 1526, 1529 (D.Kan.1989), *aff'd*, 897 F.2d 469 (10th Cir.1990). The court should deny the motion if a reasonable basis exists for the jury verdict, *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1260 (10th Cir.1988), and may reverse only if the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir.1986).

For the reasons discussed in Part A, the court finds that the jury's finding of bad faith is supported by the evidence, and that a new trial on this ground is unwarranted.

### 2. Erroneous Rulings

Employers contends that three adverse rulings were erroneous and require a new trial.

■ A party moving for a new trial based upon an error of law must show not only that error occurred, but that the error affected the substantial rights of the parties. Fed.R.Civ.P. 61; *Heyen v. United States*, 731 F.Supp. 1488, 1489 (D.Kan. 1990), *aff'd*, 945 F.2d 359 (10th Cir.1991).

Thus, a court should "ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553, 104 S.Ct. 845, 848, 78 L.Ed.2d 663 (1984).

#### a. Liability of Employers for Acts of Dan Bachmann

■ Employers again presses its argument that it is not liable for any acts of negligence committed by the attorney it hired to represent Hoidale.

The court addressed this argument in Employers' motion for summary judgment, 789 F.Supp. at 1122–23, and finds nothing in the "new" [3] cases cited by Employers that would alter the court's previous conclusion. Indeed, after a full exposition of the facts at trial, the court is more firmly persuaded of the soundness of its decision.

The evidence established that Bachmann conferred primarily with Jim Hobson of Employers, and that both men were in accord as to the weakness of the Cletus Doll lawsuit against Hoidale and the appropriate legal strategy for the case. At all times, Bachmann "was engaged in the furtherance of [Employers'] business to such a degree that [Employers'] had the 'right to direct and control' [Bachmann's] activities." *Brinkley v. Farmers Elevator Mutual Ins. Co.*, 485 F.2d 1283, 1286 (10th Cir. 1973). *See also Ash v. Farwell*, 37 F.R.D. 553, 554–55 (D.Kan.1965) (insurance company has exclusive right to investigate case, employ and control counsel, and take full control over litigation). By contrast, Bachmann communicated little with Hoidale and failed in particular to relate several matters to Hoidale that might reasonably be expected to hold some interest for one's client: Doll had made settlement offers within the primary policy limits of Hoidale's policy with Employers; Doll was claiming damages in excess of the coverage of this primary policy; and the factual and

---

**3.** Both *Continental Casualty Co. v. Pullman, Comley, Bradley & Reeves*, 929 F.2d 103 (2d Cir.1991) and *American Employers Ins. Co. v. Medical Protective Co.*, 165 Mich.App. 657, 419 N.W.2d 447 (1988) are new only in the sense that Employers had not previously brought them to the court's attention, and not in the sense that they represent recent authority unavailable to Employers at the time the court ruled on Employers' motion for summary judgment.

legal basis for Doll's "crashworthiness" theory of liability against Hoidale.

In addition, notwithstanding any dissenting view that Hoidale might have voiced had it been informed of these matters, the evidence overwhelmingly established that both Bachmann *and* the operatives at Employers were determined to refuse to make any settlement offer other than one of minimal "nuisance" value. In short, both Bachmann and Employers adopted a course of conduct suggesting that Bachmann's first allegiance was to the insurance company that hired him, rather than the insured client; that the Doll lawsuit was of concern only to Employers; and that Bachmann and Employers considered Hoidale only a nominal defendant who had neither an interest in nor right to make litigation choices normally accorded the client.

Even assuming, however, that Employers was not liable for Bachmann's acts under the rule set forth in *Brinkley*, a separate theory of agency dictates imputing Bachmann's conduct to Employers. Bachmann was no mere "independent contractor"—whose wrongful acts generally are not imputed to those who hire them. Rather, Bachmann was the attorney hired by Employers to fulfill *Employers'* fiduciary duty to defend in good faith and due care the claim against its insured Hoidale. Under Kansas law, "[w]henever an injury to a third party results from the failure of the employer to perform a duty which he owes to such party he will not be permitted to avoid his liability by letting the performance of the work to another." *St. Louis & San Francisco R.R. Co. v. Madden*, 77 Kan. 80, 84–85, 93 P. 586 (1908). *See also Trout v. Koss Constr. Co.*, 240 Kan. 86, 93, 727 P.2d 450 (1986). As the court stated in its previous order:

> Hoidale—through Pacific—seeks to hold Employers liable for its attorney's negligence in fulfilling the insurance company's contractual duty to defend it in good faith and with due care. To the extent that Bachmann's conduct did not conform to this standard, Employers cannot

claim that it, as Hoidale's insurer, has performed its duty.
789 F.Supp. at 1123.

Thus, the court finds misplaced Employers' exclusive reliance on the rule of *Brinkley*, which addresses only one of the exceptions to the general rule of non-liability for acts of independent contractors. *See Balagna v. Shawnee County*, 233 Kan. 1068, 1080, 668 P.2d 157 (1983) (Kansas cases recognize many exceptions and limitations to the general rule).

b. Inapplicability of Comparative Negligence

 Employers also takes issue with the court's ruling that a bad-faith or negligence action against an insurer for failing to settle sounds in contract, thus rendering inapplicable the Kansas comparative negligence statute. According to Employers, the unavailability of comparative negligence principles to this action "tied its hands" and prevented it from presenting evidence of the fault of Pacific and Lightner–Kanaga. Thus, Employers contends that its right to challenge Pacific's damages was a "phantom right."

It is unclear from Employers' argument whether its quarrel is with this court or with the Kansas Supreme Court. Because the Kansas Supreme Court has already announced that actions such as this sound in contract, *see Glenn v. Fleming*, 247 Kan. 296, 313, 799 P.2d 79 (1990), the court concluded that the Kansas comparative negligence statute does not apply to this contract action. *See Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 666 P.2d 192 (1983). If indeed comparative negligence principles would allow Employers to reduce its liability by comparing its fault with others, then Employers' argument would be better addressed to the Kansas Supreme Court, whose affirmative pronouncements on Kansas law bind this court.

Even if the court were to assume error in its ruling, the court finds no merit to Employers' position. Employers assumes that liability on the part of Pacific or Lightner–Kanaga necessarily follows solely from proof of a breach of independent duties

that these parties may have owed to Hoidale. The element of causation, however, applies regardless of whether this is an action sounding in contract or in tort. "Negligence, to be actionable, must result in damage to someone," and " '[p]roof of negligence in the air, so to speak, will not do'...." *Cooper v. Eberly*, 211 Kan. 657, 663, 508 P.2d 943, 949 (1973) (quoting *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 341, 162 N.E. 99, 100 (1928)). The Kansas comparative negligence statute itself states that a party is to be liable only in the proportion that the amount of such party's "*causal* negligence bears to the amount of the *causal* negligence" of all parties. K.S.A. § 60–258a(d) (emphasis added). *See also Doran v. Priddy*, 534 F.Supp. 30, 33 (D.Kan.1981); *Wicina v. Strecker*, 242 Kan. 278, 280, 747 P.2d 167 (1987). Thus, before a court may allow the jury to compare the fault of defendant with other parties, the defendant must present evidence not only that these other parties breached some duty to the injured party, but that such breach contributed to the injury. *See Nirschl v. Webb*, 239 Kan. 90, 94–95, 716 P.2d 173 (1986); *Wooderson v. Ortho Pharmaceutical Corp.*, 235 Kan. 387, 681 P.2d 1038, syl. ¶ 15, *cert. denied*, 469 U.S. 965, 105 S.Ct. 365, 83 L.Ed.2d 301 (1984); *Eli v. Board of County Comm'rs*, 235 Kan. 684, 681 P.2d 673, syl. ¶ 2 (1984).

As the court stated in its order of June 24, 1992, Employers produced no evidence that the excess verdict against Hoidale was the result of anything other than Employers' determined refusal to settle the Doll claim for more than $50,000. 796 F.Supp. 1428, 1431. Employers' own agents candidly admitted that neither Pacific nor any other party could have swayed it from this position. Although no one can know with certainty whether a timely intervention by either Pacific or Lightner–Kanaga might have produced a different result, the risk of any uncertainty in this matter must be borne by Employers, who had the primary duty to defend, *see American Fidelity Ins. Co. v. Employers Mutual Casualty Co.*, 3 Kan.App.2d 245, 255, 593 P.2d 14 (1979); *Insurance Co. of N. Am. v. Medical Protective Co.*, 768 F.2d 315, 323 (10th Cir. 1985), and the means at its disposal to eliminate this uncertainty. (Order of June 24, 1992, 796 F.Supp. at 1432–33); *see also Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1548 (10th Cir.1987) (" ' "The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." ' "). Having failed to produce any evidence that other parties bore a causal responsibility for the excess verdict against Hoidale, Employers may not now complain that it was in any way prejudiced by the court's ruling.

c. Expert Qualifications

■ Employers challenges for the first time in this motion the qualifications of Dave Edmonds to give an expert opinion regarding whether Bachmann's representation of Hoidale comported with the standard of care of a reasonable attorney. According to Employers, Edmonds was not qualified to render such an opinion because he is an Oklahoma attorney unversed in the standard of care expected of Kansas attorneys.

■ The district court is allowed great discretion in regulating the scope and presentation of evidence, *Comcoa, Inc. v. NEC Telephones, Inc.*, 931 F.2d 655, (10th Cir.1991); *Palmer v. Krueger*, 897 F.2d 1529, 1538 (10th Cir.1990), which discretion extends to the court's findings on the competency of an expert to testify as to the standard of care ordinarily used by reasonably well-qualified professionals practicing under similar circumstances. *See Alfonso v. Lund*, 783 F.2d 958, 962 (10th Cir.1986).

■ Moreover, when considering an assignment of error for an evidentiary ruling, the court generally considers only the specific ground of a timely objection, and reviews unopposed matters for plain error. Fed.R.Evid. 103(a)(1); *United States v. Mendoza–Salgado*, 964 F.2d 993, 1008 (10th Cir.1992); *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir.1988). "The 'plain error' exception in civil cases has been limited to errors which seriously affect ' "the fairness, integrity or public rep-

utation of judicial proceedings." ' " *McEwen v. City of Norman*, 926 F.2d 1539, 1545 (10th Cir.1991) (citations omitted). " 'Plain error is *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." ' " *United States v. Thornbrugh*, 962 F.2d 1438, 1442 (10th Cir.1992) (emphasis in original; citations omitted).

The court finds no error in allowing the testimony of Edmonds. The matters to which he testified were either well within the common knowledge of the jury, *see Bowman v. Doherty*, 235 Kan. 870, 879, 686 P.2d 112 (1984), or were matters common to the legal profession generally.[4] Any deficiencies in Edmonds' knowledge went only to the weight of his testimony, not its admissibility, and were brought to the jury's attention through counsel's skillful cross-examination.

## II. *Attorney Fees*

 Both Pacific and Hoidale move for an award of statutory attorney fees in connection with this litigation.

 In its order of April 13, 1992, the court noted that any award of attorney fees against Employers must await a full development of the facts at trial. 789 F.Supp. at 1124. Statutory attorney fees must be awarded where it appears that the insurance company has refused "without just cause or excuse" to pay its insured's loss. K.S.A. § 40–256. The phrase "without just cause or excuse" means a frivolous and unfounded denial of liability for which there is no bona fide and reasonable ground for refusing to pay. *Brown v. Combined Ins. Co. of Am.*, 226 Kan. 223, 226–27, 597 P.2d 1080 (1979) (quoting *Koch v. Prudential Ins. Co.*, 205 Kan. 561, 564–

65, 470 P.2d 756 (1970)). Whether to award attorney fees is a question of fact for the trial court to consider under all the circumstances. *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 261, 815 P.2d 550 (1991).

Pacific suggests that the court is required to award attorney fees in this case, since a failure to do so would be "tantamount to reversing the jury and declaring that four weeks of trial were pointless." (Doc. 434, at 8). This bit of hyperbole is bereft of any basis in fact or law. "A finding that the insurer is liable for an excess judgment does not automatically mandate the conclusion that the insurer acted without just cause or excuse...." *Smith v. Blackwell*, 14 Kan.App.2d 158, 791 P.2d 1343, syl. ¶ 9 (1989), *review denied*, 246 Kan. 769 (1990). Rather, the question is whether the insurer was without just cause or excuse in failing to recognize an untenable defense against the insured's bad faith claim. *Id.* at 167, 791 P.2d 1343; *see also Insurance Co. of N. Am. v. Medical Protective Co.*, 570 F.Supp. 964, 974–75 (D.Kan.1983), *aff'd*, 768 F.2d 315 (10th Cir.1985). The jury returned a verdict in Pacific's favor, pursuant to which the court has entered judgment for Pacific in the amount of $556,294.00. Pacific is scarcely in a position to argue that a denial of fees would render the jury's efforts "pointless."

The court finds that Employers' refusal to acknowledge liability for the excess verdict against Hoidale was reasonable under the circumstances. The court must be mindful that under Kansas law, the presence or absence of negligence is ordinarily a question of fact for the jury, *e.g.*, *Honeycutt ex rel. Phillips v. City of Wichita*, 247

---

4. While Edmonds was neither a particularly well-qualified nor impressive witness, it is this court's opinion that the least qualified to render an opinion was Employers' expert Chris Randall—who *purportedly* is familiar with the professional standards of Kansas attorneys, but whose testimony indicated an ignorance of rudimentary obligations imposed upon practitioners in Kansas state courts, and a contempt for the court and its orders. Among other statements, Randall testified that an attorney need not feel obliged to respond to a request made pursuant to Kansas District Court Rule 118, which provides that a party served with a request for the actual amount of damages being sought *"shall ... serve his adversary"* with the requested information. (emphasis added). Randall expressed the untenable view that no response to a Rule 118 request is required because the rule does not provide any sanction for the failure to respond. Further, Randall cheerfully opined that a Kansas attorney would be at liberty to ignore, with impunity, even a court *order* to respond to a Rule 118 request.

Kan. 250, 251, 796 P.2d 549 (1990), and may be decided as a question of law only when the facts are undisputed and susceptible of only one inference. *E.g., Popejoy Constr. Co. v. Crist*, 214 Kan. 704, 522 P.2d 180, syl. ¶ 1 (1974). Throughout this trial, the court has expressed its belief that the question of Employers' negligence and/or bad faith was singularly suited to resolution by a jury. Because reasonable minds could differ as to this matter, the court is unable to say that Employers' denial of liability for the excess judgment against Hoidale has been "frivolous and unfounded." While not successful, Employers' defense of this case was not "untenable."

This is particularly so with respect to Hoidale's claim for damages against Employers. The jury found that Hoidale had sustained *no* damages as a consequence of Employers' breach of its duty to defend and settle in good faith. Indeed, so tenuous was Hoidale's claim for consequential damages against Employers that the court submitted this issue to the jury only with grave reservations. The evidence established that *all* of Hoidale's claimed damages, including attorney fees, were not the result of Employers' refusal to settle the Doll claim, nor of Employers' denial of liability for the excess judgment. To the contrary, Hoidale's expenses and lost business profits resulted from *Pacific's* denial of coverage under its excess policy with Hoidale, thus necessitating that Hoidale take independent action to protect itself from the excess judgment. The evidence further showed that Pacific's denial of coverage was based upon Pacific's precipitous (and erroneous) assumption that Hoidale had not given constructive notice of the Doll claim by notifying Pacific's agent, Lightner–Kanaga. If Hoidale has any claim for attorney fees, it may be against Pacific. But it is beyond the pale of reason for Hoidale to assert any claim for attorney fees against Employers.

Accordingly, the court denies the motion of Employers Mutual Casualty Company for judgment as a matter of law or a new trial (Doc. 424). The court further denies the motions of Pacific Employers Insurance Company (Doc. 433) and P.B. Hoidale Inc. (Doc. 428) for attorney fees.

IT IS SO ORDERED.